JESSE A. PICKARD, EMPLOYEE, v. E. M. HOLT PLAID MILLS, INC., EMPLOYER, SELF-INSURER.

(Filed 2 February, 1938.)

**Master and Servant § 40f—Evidence held sufficient to sustain finding that injury arose in the course of claimant's employment.**

The evidence disclosed that defendant employer furnished a confectionery wagon which an employee rolled around the plant for sale of candy, sandwiches and drinks to employees for their convenience and not for profit, that claimant, while working on the night shift, bought a bottle of milk from the wagon, and placed it on a window ledge about twenty feet from his place of employment, in order to keep the milk cool until he should want it, that shortly thereafter, while attempting to open the window to get the milk, his hand slipped and his arm hit and broke the pane, and that the broken pane cut his, elbow, resulting in serious injury. *Held:* The evidence supports the finding of the Industrial Commission that the injury resulted from an accident arising out of and in the course of the employment, claimant being on duty at the time and being at a place where a man so employed might reasonably be, and doing what an employee might reasonably do during such time.

APPEAL by defendant from *Williams, J.*, at September Term, 1937, of ALAMANCE. Affirmed.

Jesse A. Pickard was employed as a weaver at the Belmont plant of E. M. Holt Plaid Mills, Inc., and was employed on the night shift. The E. M. Holt Plaid Mills, Inc., maintain a confectionery wagon, run without profit, for the convenience of the employees, and such confec-

tionery wagon is rolled from one department of the mill to another, where employees purchased all kinds of confectioneries—milk, sandwiches, etc. If a profit is made it is distributed to the employees at Christmas time.

At approximately one o'clock a.m., on 21 January, 1936, the plaintiff purchased from the confectionery wagon a bottle of milk, left his place of work and went to a window about twenty or twenty-five feet away, opened the window and put the bottle of milk on the outside ledge in order to keep it cool until plaintiff desired to drink it. At approximately 25 minutes after 3 o'clock in the morning plaintiff again left his place of work and went to the window to get the bottle of milk, upon attempting to open the window plaintiff found that it had frozen tight. Plaintiff, being unable to raise the window alone, called a fellow employee from his place of work to assist him and while attempting to open the window plaintiff's hand slipped and his right arm struck and broke the window pane. When plaintiff's arm struck and broke the window pane, it was cut on the tip of the elbow, the cut being about an inch long.

Plaintiff was given first-aid treatment at the mill, later his arm became infected, requiring medical treatment, which treatment was first received on 3 February, 1936. As a result of the injury to the plaintiff's right arm and its subsequent infection, plaintiff now suffers a 20 per cent loss of use of that member.

The defendant E. M. Holt Plaid Mills, Inc., self-insurer, denied liability for the injury and the plaintiff filed with the North Carolina Industrial Commission a formal request for hearing, dated 26 March, 1936, and formal notices of such hearing were duly issued on 30 June, 1936, fixing 14 July, 1936, as the time, and the courthouse at Graham, North Carolina, as the place for the hearing, and at said time and place T. A. Wilson, Commissioner, attended and the plaintiff Jesse A. Pickard appeared in person and was represented by Clarence Ross, attorney at law, Graham, N. C., and Messrs. T. D. Cooper and Emerson T. Sanders, attorneys at law, Burlington, N. C., attended, representing the defendant.

From the evidence on the hearing T. A. Wilson, Commissioner found certain facts and rendered an award for the employee. Defendant appealed to the Full Commission, and the Full Commission made the following decision: "The claimant, at the time of the injury, was employed in defendant's mill and purchased a bottle of milk from one of the company's employees, the company having one of its employees to pass through the mill with a cart selling various articles of food and confections for sale to the company employees. The employee passed through the mill at about one o'clock a.m., selling such articles, and the claimant purchased a bottle of milk and not caring at that particular time to drink the milk, placed the same on the outer ledge of a window

where it would keep cool until such time as he cared to drink it. Some two hours or more later, when attempting to raise the window so as to reach out and get the bottle of milk, claimant's elbow was pushed through the window, thus injuring the tip of his elbow. Infection set in and at the present time claimant has 20 per cent permanent loss of use of the arm on account of the injury. The Full Commission reviewed the evidence supporting the above facts and is of the opinion that there is no justifiable reason for disturbing the award of the hearing Commissioner. There is practically no controversy as to the facts, it being a matter of legal interpretation of the facts. The findings of fact, conclusions of law, and award of Commissioner Wilson are approved and adopted as the findings of fact, conclusions of law, and award of the Full Commission, and are in all respects affirmed. Cost of appeal will be taxed against defendants. Buren Jurney, Commissioner. Examined and approved, J. Dewey Dorsett, Chairman, T. A. Wilson, Commissioner."

The employer appealed to the Superior Court. The court below rendered the following judgment: "This cause coming on to be heard and being heard before the undersigned upon appeal from the award of the North Carolina Industrial Commission and upon the facts found and set out in the opinion and findings filed by the Commission, the court being of the opinion that the conduct of the plaintiff was not such deviation from the course of his employment as would deprive him of the beneficial effects of the Employees' Liability Act doth adjudge that the said award be and the same is hereby in all respects affirmed. Clawson L. Williams, Judge holding the courts of the Tenth Judicial District."

The defendant excepted and assigned error to the judgment as signed, and appealed to the Supreme Court.

*J. Elmer Long and Clarence Ross for plaintiff.*
*Cooper, Curlee & Sanders for defendant.*

CLARKSON, J. The sole question involved in this appeal is: Whether appellee, Jesse A. Pickard, employee, having purchased a bottle of milk from a wagon operated by appellant, E. M. Holt Plaid Mills, Inc., employer, and rolled by appellee's place of employment, and having placed the same on the outer ledge of a window about 20 or 25 feet from his employment, sustained an injury arising out of and in the course of his employment, when he received a 20 per cent disability to his arm in later attempting to raise the window to secure the milk? We think so. When the injury occurred it was during plaintiff's working hours and while he was on the job.

In *Conrad v. Foundry Co.,* 198 N. C., 723, it is written (at p. 725):
"The Workmen's Compensation Law prescribes conditions under which
an employee may receive compensation for personal injury. Section
2 (f) declares that 'injury and personal injury shall mean only injury
by accident arising out of and in the course of the employment, and shall
not include a disease in any form, except when it results naturally and
unavoidably from accident.' The condition antecedent to compensation
is the occurrence of an (1) injury by accident (2) arising out of and
(3) in the course of the employment. . . . (p. 727). An accident
arising 'in the course of' the employment is one which occurs while 'the
employee is doing what a man so employed may reasonably do within
a time during which he is employed and at a place where he may reason-
ably be during that time to do that thing'; or one which 'occurs in the
course of the employment and as the result of a risk involved in the
employment, or incident to it, or to conditions under which it is required
to be performed.' " *Hildebrand v. Furniture Co.,* 212 N. C., 100 (109).

In *Dependents of Poole v. Sigmon,* 202 N. C., 172 (173), we find:
"The findings of fact made by the North Carolina Industrial Commis-
sion, in a proceeding pending before the said Commission, are conclu-
sive, on an appeal from said Commission to the Superior Court, only
when there was evidence before the Commission tending to show that the
facts are as found by the Commission. Otherwise, the findings are not
conclusive, and the Superior Court, on an appeal from the award of
the Commission, has jurisdiction to review all the evidence for the
purpose of determining whether as a matter of law there was any evi-
dence tending to support the finding by the Commission. *West v. Ferti-
lizer Co.,* 201 N. C., 556."

In *Bellamy v. Mfg. Co.,* 200 N. C., 676 (678), it is said: "In L. R. A.,
1916-A, at p. 237, we find: 'An employee in a mill is not outside the
scope of her employment in going from an upstairs room, where her
work had run out, to a room downstairs, where she had been told by the
overseer that there was work for her to do. And an employee by the
week in a shop does not go outside of the employment merely because
she leaves the shop for the purpose of getting a lunch.' (Note 99.) In
*Surdine's case* (1914), 218 Mass., 1, *post,* 318, 105 N. E., 433, it was
held that a girl employed in a shop who was employed by the week, does
not go outside of the employment merely because she leaves the shop
for lunch."

In *Gordon v. Chair Co.,* 205 N. C., 739 (741-2): "The plaintiff was
an employee of the defendant, but was not certain the plant would run
on the Monday morning he went to work. He lived some distance from
the plant and rode to work with a fellow employee. There had been
a big snow and he had his son to come with his automobile so that he

could ride back home, if the plant would not run that day. He went to his place of work and found that the plant would run that day and put his lunch up. This was about the time the five-minutes-to-seven whistle blew. He then went to the outside platform at the front of the plant to tell his son that the plant would run and his feet slipped on ice and he fell and was injured. We think the facts of this case come within the decision of *Bellamy v. Mfg. Co.,* 200 N. C., 676."

The plaintiff, while on his job, about his master's business, during the time he was working—at night—purchased a bottle of milk from the defendant's confectionery wagon, from which defendant sold milk, sandwiches, etc., to the employees (a laudable enterprise). He raised the window some 25 feet away to put the bottle of milk on the outside ledge to keep it cool. When ready to drink the milk he attempted to again raise the window, with the help of a fellow employee, and it was frozen tight. His hand slipped and his right arm struck the window and broke the pane and his elbow was cut. It would be too technical to say that the injury did not arise "out of and in the course of the employment." In the judgment of the court below is the following: "The conduct of the plaintiff was not such deviation from the course of his employment as would deprive him of the beneficial effects of the Employer's Liability Act." What the plaintiff did was the natural sequence, after purchasing the milk, to put it where it would keep cool until he was ready to drink it.

For the reasons given, the judgment of the court below is

Affirmed.