CHARLES F. FOX, Father, and EVELYN ADKINS FOX, Mother of CHARLES EDWARD FOX, Deceased, v. CRAMERTON MILLS, INC., Employer, and LIBERTY MUTUAL INSURANCE COMPANY, Carrier.

(Filed 21 November, 1945.)

**1. Master and Servant §§ 52c, 55d—**

By both statute and the uniform decisions of this Court the findings of fact by the Industrial Commission, on a claim properly constituted under the Workmen's Compensation Act, are conclusive on appeal, both in the Superior Court and in this Court, when supported by competent evidence.

**2. Master and Servant § 55b—**

An appeal from the Industrial Commission is permitted only on matters of law.

**3. Master and Servant §§ 55b, 55c—**

While the Workmen's Compensation Act does not set out with particularity the procedure on appeal, repeatedly it has been held by this Court that, by analogy, that prescribed for appeals from judgments of justices of the peace, when practical, should apply. But this refers only to the mechanics of appeal, as to notice and docketing; for the appeal from the Industrial Commission is only on matter of law and not *de novo.*

**4. Master and Servant § 55g: Appeal and Error §§ 6d, 48—**

Where upon an appeal from the Industrial Commission the exceptions point out specific assignments of error. the judgment in the Superior Court thereon properly should overrule or sustain respectively each of the exceptions on matters of law thus designated; but when such judgment on appeal merely decreed that the award be in all respects affirmed, the judge below presumably having considered each of the assignments of error and overruled them, *it was held* that a remand is not required.

**5. Appeal and Error §§ 37e, 40a: Master and Servant § 55b—**

　　An exception to the judgment affirming an award by the Industrial Commission is insufficient to bring up for review the findings of fact, or the competency and sufficiency of the evidence to support the findings and conclusions of such commission.

**6. Master and Servant §§ 40e, 40f—**

　　Where the testimony tended to show that deceased, following a custom of his employer of leaving the immediate place of his work to go on the ground floor on the outside of the building, for the purpose of smoking, was killed in attempting, on instruction of a superior, to stop a moving elevator at a designated point in order that such superior might use the elevator as a means of returning to the place of his duties, there is competent evidence to support the findings of fact by the Industrial Commission upon which it was determined that the death of deceased was by accident arising out of and in the course of his employment.

Appeal by defendants from *Rudisill, Special Judge,* at May Term, 1945, of Gaston. Affirmed.

Claim for compensation under the Workmen's Compensation Act for the death of Charles Edward Fox, employee of defendant Cramerton Mills, Inc. It was claimed that his death was by accident arising out of and in the course of his employment by the defendant Mills.

The material facts as found by the hearing commissioner and approved and affirmed by the full commission on review were these:

Charles Edward Fox was a young man 16 years of age, and at the time of his death had only been working a few weeks at defendant's mill, where he was employed as a doffer. The deceased and other employees in the mill had formed a custom, which was known to the employer, of temporarily leaving their place of employment in the mill while their machines were running and going down to the ground floor in the yard for the purpose of smoking—not being allowed to smoke in the building. This custom and habit had been in vogue for some time. On 30 August, 1943, deceased went to work at 3 p.m. His job was on the third floor. About 7:30 p.m. deceased and a fellow employee named Gibson decided they wished to smoke. So they walked down to the second floor and entered the freight elevator at the same time with the head doffer Goodson, who was over Fox and Gibson. Goodson had a box of waste he was carrying out, and the three went down by the elevator to a ramp between the sub-basement and first floor, where Goodson got off on to the ramp, outside the building, for the purpose of carrying the waste to the waste house, leaving Fox and Gibson on the elevator. "At that time when Goodson, the head doffer over Gibson and Fox, was leaving the elevator he told deceased and Gibson to bring the elevator back to that landing and pick him up and take him back upstairs." Fox and

Gibson proceeded to take the elevator on to the ground floor where they got off to go into the yard and smoke, according to the custom and habit of the employees, but just as they reached the ground Fox realized the elevator was going back up, and that, unless controlled, it would not stop to pick up Goodson, as Goodson had directed them to do. As the freight elevator was slow moving, Fox ran up an iron ladder on the outside of the building to the ramp where the head doffer had gotten off to go to the waste house, and as the elevator passed this door, Fox attempted to stop the elevator so as to make it available for Goodson to return to the upper part of the building, as Goodson had directed, and in doing so Fox was caught in the shaft between the side door of the elevator and the wall, and was killed.

The commission found that the injury described, resulting in the death of the deceased, arose out of and in the course of his employment; that the injury occurred on the premises while the deceased was then employed and in the course of his employment; that it arose out of the employment because deceased was following a custom of the mill of leaving the immediate place of work to go on the ground floor on the outside of the mill building for the purpose of smoking; and that deceased was following the instructions of a superior in attempting to stop the elevator at the designated point in order that Goodson, the head doffer, might use the elevator as a means of returning to the third floor, for the performance of his duties.

Award to the next of kin of deceased for compensation and funeral expenses was directed to issue. Defendant Cramerton Mills and its insurance carrier, Liberty Mutual Insurance Co., appealed to the Superior Court, and in doing so filed exceptions to the findings of fact, conclusions of law, and award of Industrial Commission, for that (a) the findings of fact were not supported by competent evidence, (b) the conclusions of law were not supported by evidence, and (c) not supported by proper and sufficient findings of fact.

In the Superior Court the judge presiding, "after due consideration of the entire record" and argument of counsel, adjudged that "the award of the North Carolina Industrial Commission be in all respects affirmed" and entered judgment for an award in the amount as fixed by the Commission.

The record further recites, "The defendants object to the foregoing judgment, except to same, and appeal to the Supreme Court."

*J. Burke Gray and J. L. Hamme for plaintiffs, appellees.*
*Jones & Smathers for defendants, appellants.*

DEVIN, J.   Both by statute and the uniform decisions of this Court it is declared that the findings of fact by the Industrial Commission, on a claim properly constituted under the Workmen's Compensation Act, are conclusive on appeal, both in the Superior Court and in this Court, when supported by competent evidence.   *Carlton v. Bernhardt-Seagle Co.,* 210 N. C., 655, 188 S. E., 777; *Archie v. Lumber Co.,* 222 N. C., 477, 23 S. E. (2d), 834.   An appeal from the Industrial Commission is permitted only on matters of law.   While the Act does not set out with particularity the procedure on appeal, repeatedly it has been held by this Court that by analogy that prescribed for appeals from judgments of justices of the peace, when practical, should apply.   *Higdon v. Light Co.,* 207 N. C., 39, 175 S. E., 710; *Summerell v. Sales Corp.,* 218 N. C., 451, 11 S. E. (2d), 304.   But this refers only to the mechanics of appeal, as to notice and docketing; for the appeal from the Industrial Commission is only on matter of law and not *de novo.*   It was said in *Winslow v. Carolina Conference,* 211 N. C., 571 (581), 191 S. E., 403: "Statutory provisions with respect to appeals from judgments of justices of the peace to the Superior Court, where the trial must be *de novo,* are not controlling with respect to appeals from awards of the Industrial Commission to the Superior Court, where only errors of law appearing in the record may be considered."   It would seem therefore in case of appeals from the Industrial Commission to the Superior Court that the procedure should conform substantially to that in appeals from subordinate courts where by statute appeals are restricted to questions of law, *Smith v. Texas Co.,* 200 N. C., 39, 156 S. E., 160; or to the consideration of exceptions to the report of a referee.   *Anderson v. McRae,* 211 N. C., 197, 189 S. E., 639; *Gurganus v. McLawhorn,* 212 N. C., 397 (411), 193 S. E., 844.   It follows that where upon an appeal from the Industrial Commission the exceptions point out specific assignments of error, the judgment in the Superior Court thereon properly should overrule or sustain respectively each of the exceptions on matters of law thus designated.   We think this practice conducive to more orderly and accurate presentation of appeals brought forward under the Act.   The appeal from the Industrial Commission in this case pointed out the particulars in which errors of law were assigned, and the judgment in the Superior Court merely decreed that the award be in all respects affirmed.   Presumably the judge below considered each of the assignments of error and overruled them.   In this view we do not hold that a remand is required in this case.

We note that the defendants in their appeal from the Superior Court to this Court only "object to the foregoing judgment (and) except to the same."   The effect of an exception to the judgment is only to challenge the correctness of the judgment, and presents the single question

whether the facts found are sufficient to support the judgment, as was pointed out in *Rader v. Coach Co., ante,* 537. In that case *Justice Barnhill* states the grounds upon which this principle of appellate procedure is based, with citation of numerous authorities.

In conformity with the view expressed in the *Rader case, supra,* it must be held here that an exception to the judgment affirming an award by the Industrial Commission is insufficient to bring up for review the findings of fact, or the competency and sufficiency of the evidence to support the findings and conclusions of the Industrial Commission. *Rader v. Coach Co., supra; Vestal v. Vending Machine Co.,* 219 N. C., 468, 14 S. E. (2d), 427; *Crissman v. Palmer, ante,* 472; *Query v. Ins. Co.,* 218 N. C., 386, 11 S. E. (2d), 139.

However, in view of the questions debated orally and by brief on this appeal, we have examined the record and find that there is competent evidence to support the findings of fact made by the Industrial Commission upon which it was determined that the death of the deceased was by accident arising out of and in course of his employment by defendant Cramerton Mills, and that the award of compensation by the Industrial Commission was properly upheld by the court below. *Bellamy v. Mfg. Co.,* 200 N. C., 676, 158 S. E., 246; *Parrish v. Armour & Co.,* 200 N. C., 654, 158 S. E., 188; *Gordon v. Chair Co.,* 205 N. C., 739, 172 S. E., 485; *Pickard v. Plaid Mills,* 213 N. C., 28, 195 S. E., 28; *Archie v. Lumber Co.,* 222 N. C., 477, 23 S. E. (2d), 834.

Upon the record the judgment of the Superior Court is
Affirmed.