LUTHER DOZIER HATCHELL, EMPLOYEE v. JOHN D. COOPER AND W. T. COOPER, T/A COOPER'S FURNITURE HOUSE, EMPLOYER; AND THE SHELBY MUTUAL INSURANCE COMPANY, CARRIER.

(Filed 14 January, 1966.)

**1. Appeal and Error § 21—**

A sole exception to the judgment presents the single question whether the facts found are sufficient to support the judgment, and does not present the question of the sufficiency of the evidence to support the findings.

**2. Master and Servant § 94—**

Where on appeal from the Industrial Commission the Superior Court expressly overrules each of defendant's exceptions by number and affirms the award, a sole exception to the judgment on further appeal to the Supreme Court does not present the correctness of the rulings of the Industrial Commission on which the exceptions were taken, but only whether the findings support the judgment of the Superior Court.

**3. Master and Servant § 93—**

The refusal of the Superior Court to remand the cause to the Industrial Commission for additional evidence will not be disturbed when the motion is not based on newly discovered evidence.

APPEAL by defendants from *Mallard, J.,* May 31, 1965 Special Civil Session of WAKE.

Claim for compensation under the Workmen's Compensation Act.

On October 17, 1963, plaintiff had been continuously employed for over seven years as a salesman by defendant Cooper's Furniture House, an employer subject to the provisions of the Workmen's Compensation Act. On that date, as the result of a fall in the store, he suffered a fractured skull and serious brain injury. On January 22, 1964, the date of the original hearing, plaintiff was still totally disabled. The hearing commissioner awarded him compensation for temporary total disability and medical expenses. Defendants appealed to the full Commission. At the hearing on October 30, 1964, defendant moved that the case be reset for the taking of additional testimony. This motion was not granted and, on November 10, 1964, the full Commission substituted its own findings, which were not materially different from those of the hearing commissioner, and the award was unchanged.

Defendants duly filed exceptions (16 in number) to the full Commission's award, and gave notice of appeal to the Superior Court. In substance, defendants' exceptions charged (1) that the crucial findings of fact were not supported by competent evidence; (2) that the conclusions of law were based on erroneous and insufficient findings; and (3) that the Commission erred in failing to allow defendants' motion that it hear additional evidence.

In the Superior Court defendants renewed their motion to remand, which motion was denied. On June 2, 1965, after reviewing and considering the transcript on appeal, Judge Mallard entered judgment specifically overruling each of defendants' 16 exceptions and affirming the award of the Industrial Commission. Defendants made the following appeal entries: "To the foregoing order, defendants object and except and give notice of appeal to the Supreme Court of North Carolina. . . ." (The omitted portions pertain only to the appeal bond and terms for serving case and countercase.)

*Emanuel & Emanuel for plaintiff appellee.*
*I. Weisner Farmer for defendant appellants.*

SHARP, J. The only exception taken by defendants in the Superior Court is the one which the law implies from the appeal itself. An appeal is an exception to the judgment. Under our decisions, "the effect of an exception to the judgment is only to challenge the correctness of the judgment, and presents the single question whether the facts found are sufficient to support the judgment. . . ." *Fox v. Mills, Inc.,* 225 N.C. 580, 583-84, 35 S.E. 2d 869, 871. *Accord, Glace v. Throwing Co.,* 239 N.C. 668, 80 S.E. 2d 759; *Worsley v. Rendering Co.,* 239 N.C. 547, 80 S.E. 2d 467. Defendants concede this rule of appellate procedure. They argue, however, that the judgment is erroneous in that it is "a blanket denial" of their exceptions to the findings and conclusions of the Industrial Commission and that it does not specifically pass upon the sufficiency of the evidence to support them. This contention is without merit.

In *Fox v. Mills, Inc., supra,* the judge "after due consideration of the entire record" and argument of counsel, held that "the award of the North Carolina Industrial Commission be in all respects affirmed." In reviewing this judgment, Devin, J. (later C.J.), speaking for this Court, said:

"Where upon an appeal from the Industrial Commission the exceptions point out specific assignments of error, the judgment in the Superior Court thereon properly should overrule or sustain respectively each of the exceptions on matters of law thus designated. We think this practice conducive to more orderly and accurate presentation of appeals brought forward under the Act. The appeal from the Industrial Commission in this case pointed out the particulars in which errors of law were assigned, and the judgment in the Superior Court merely decreed that the award be in all respects affirmed. Presumably the judge below considered each of the assignments of error and

overruled them. In this view we do not hold that a remand is required in this case." *Id.* at 583, 35 S.E. 2d at 871.

In this case, the action of Judge Mallard in expressly overruling each of defendants' exceptions by number eliminates any necessity for indulging in presumptions.

Although the competency and sufficiency of the evidence upon which the Industrial Commission based its findings of fact are not before us for review, we have examined the record. It appears that competent evidence supports all the material findings of fact and that the findings, in turn, support the Commission's award, which the Superior Court properly affirmed.

Defendants' motion to remand the case to the Industrial Commission for the taking of additional testimony is not based on newly discovered evidence. They do not contend that they have any such evidence. We apprehend that defendants desire "to mend their licks" by asking the same witnesses additional questions which could just as well have been asked on the original hearing. In addition, they contend that the full Commission should have the opportunity to see and hear this particular claimant before evaluating his testimony. The judge properly denied the motion to remand. *Moore v. Stone Co.*, 251 N.C. 69, 110 S.E. 2d 459.

The judgment below is

Affirmed.