CLARENCE ROUGHTON AND WIFE, JANE CARROLL ROUGHTON v. JIM WALTER CORPORATION, MID-STATE HOMES, INC., AND ROY M. BOOTH, TRUSTEE

No. 702SC92

(Filed 27 May 1970)

1. **Appeal and Error § 26— assignment to the entry of judgment — questions presented**

   An assignment of error to the entry of judgment presents the questions whether the facts found or admitted support the judgment and whether the judgment is regular in form; it does not present for review the findings of fact or the sufficiency of the evidence to support them.

2. **Appeal and Error § 44— submission of "brief" after argument — leave of the court**

   A brief entitled "Reply to Argument of Appellees" that was filed with the Clerk of the Court of Appeals after argument in that Court was not

ROUGHTON v. JIM WALTER CORP.

considered where appellant failed to obtain leave of the Court as required by Rule of Practice No. 11.

APPEAL by plaintiffs from *Parker, J.*, September 1969 Session of Superior Court held in TYRRELL County.

Upon a pretrial hearing, the following judgment was entered:

"THIS MATTER being heard before the Honorable Joseph W. Parker, Judge Presiding at the September 1969 Civil Session of Superior Court of Tyrrell County, and it appearing to the court and the court finding as a fact that in accordance with a stipulation entered into between the parties and an order signed by the Honorable Elbert S. Peel, Jr., the plaintiffs have filed an amended Complaint and the defendants have filed an Answer thereto; and it further appearing to the court and the court finding as a fact that the defendants in their answer set up as a defense the fact that more than three years had elapsed from the time that the alleged contract between the plaintiffs and the defendants was entered into and the time that the action was brought based upon the said alleged breach of contract; and at the call of the case for trial, the defendants moved the court for dismissal of the action for the reason that plaintiffs' alleged cause of action on breach of contract was barred by the three year statute of limitations as provided for in G.S. 1-52; after hearing the said motion, the court is of the opinion and finds as a fact that the plaintiffs' alleged cause of action based upon breach of contract is barred by the three year statute of limitations and that this action should be dismissed.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that the plaintiffs' action be and the same is hereby dissolved and the restraining order heretofore entered by this Court is hereby resolved (sic) and the plaintiffs are taxed with the costs of this action."

The plaintiffs "object and except to the entry of the foregoing Judgment and give notice of appeal."

*H. L. Swain for plaintiff appellants.*

*Booth, Fish & Adams by H. Marshall Simpson for defendant appellees.*

MALLARD, C.J.

[1] Plaintiffs' only assignment of error is stated as follows: "Plaintiffs object and except to the entry of the Judgment."

This assignment of error presents the ·question of whether the facts found or admitted support the judgment and whether the judgment is regular in form. This assignment of error does not present for review the findings of fact or the sufficiency of the evidence to support them. *Fishing Pier v. Town of Carolina Beach,* 274 N.C. 362, 163 S.E. 2d 363 (1968); *Sternberger v. Tannenbaum,* 273 N.C. 658, 161 S.E. 2d 116 (1968); *King v. Snyder,* 269 N.C. 148, 152 S.E. 2d 92 (1967); 1 Strong, N.C. Index 2d, Appeal and Error, § 26.

The facts found in this case support the judgment, and the judgment is regular in form.

[2] Rule 11 of the Rules of Practice in the Court of Appeals reads, in part: "No brief or written argument will be received after a case has been argued or submitted, except upon leave granted in open court, after notice to opposing counsel." This case was argued in the Court of Appeals on 29 April 1970. On 1 May 1970 appellants filed with the Clerk of the Court of Appeals what they call "Reply to Argument of Appellees." Since leave to file this was not obtained as required by Rule 11, we do not consider it.

The judgment of the Superior Court entered herein is affirmed.

Affirmed.

MORRIS and GRAHAM, JJ., concur.