ERNEST FRANKLIN EDWARDS v. PATRICIA SPRUILL
EDWARDS

No 7212DC404

(Filed 2 August 1972)

**Venue § 8— denial of change of venue — sufficiency of findings**

In a proceeding instituted in Cumberland County to enforce visitation rights granted to plaintiff by a consent judgment entered in that county, the trial court's denial of defendant's motion for a change of venue to Craven County, where defendant and the minor child now reside, was supported by findings that both parties resided in Cumberland County at the time of their separation, that plaintiff resides in Cumberland County, that there is no issue pending as to child custody or support, and that defendant has not shown that the appearance of witnesses from Craven County is necessary.

APPEAL by defendant from *Herring, Judge,* 10 January 1972 Session, District Court, CUMBERLAND County.

Plaintiff instituted an action on 25 March 1971 for divorce from bed and board and for custody of the child born of the marriage between plaintiff and defendant. On 9 June 1971, consent judgment was entered, determining among other things, that defendant was entitled to custody of the child and providing for monthly payments by plaintiff for the child's support. The judgment also provided for visitation rights in the plaintiff. On 20 August 1971, plaintiff served on defendant a notice and order to show cause why she should not be held in contempt for violating the provisions of the judgment with respect to plaintiff's rights of visitation. The defendant answered and moved for change of venue. The court did not act on the motion for change of venue but, by order entered, found the defendant not in contempt and that the original judgment remain in full force and effect. On 6 January 1972, defendant again filed motion for change of venue. On 15 February 1972 the court entered an order finding facts and denying the motion in its discretion. Defendant appealed.

*Robert G. Bowers for defendant appellant.*

*No counsel for plaintiff appellee.*

MORRIS, Judge.

Defendant's only assignment of error is that the court erred in denying the motion for change of venue. The grounds

for the motion were that both parties now live in Craven County and it would be more convenient for witnesses to move the action to Craven County.

Among others, the court found as facts that the minor child resides in Craven County with defendant, that plaintiff resides in Cumberland County, that at this time there is no issue pending as to child support or custody, that at the time of the separation between the parties both resided in Cumberland County, and that at this time the defendant has made no showing that appearance of witnesses from Craven County is necessary. Defendant did not except to any of the findings of fact. Her only assignment of error is to the denial of the motion. She argues on appeal, however, that the evidence does not support the court's findings. Defendant's failure to except to the findings in this case presents the single question of whether the facts found are sufficient to support the judgment. *Hatchell v. Cooper*, 266 N.C. 345, 146 S.E. 2d 62 (1966); *Roughton v. Jim Walter Corp.*, 8 N.C. App. 325, 174 S.E. 2d 389 (1970).

Defendant concedes that the change of venue is discretionary but argues that the court abused its discretion by failing to find facts upon which properly to make a decision.

The facts found support the judgment.

Affirmed.

Judges BROCK and HEDRICK concur.