WILLIAM G. GODLEY, EMPLOYEE, PLAINTIFF v. HACKNEY & SONS, EMPLOYER; AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8210IC1288

(Filed 15 November 1983)

**Master and Servant § 94.3— right of Industrial Commission to amend deputy commissioner's findings of fact**

    The full Industrial Commission, upon reviewing an award by a hearing commissioner, is not bound by the findings of fact supported by evidence but may reconsider evidence and adopt or reject findings and conclusions of the hearing commissioner.

APPEAL by defendants from the opinion and award of the North Carolina Industrial Commission filed 5 October 1982. Heard in the Court of Appeals 27 October 1983.

This is a proceeding under the North Carolina Workers' Compensation Act wherein the plaintiff seeks to recover compensation for a back injury allegedly sustained on 6 February 1980.

The plaintiff's claim was heard by a deputy commissioner on 30 June 1981. The deputy commissioner filed an opinion and award denying plaintiff's claim, because he found that the plaintiff had not sustained an injury by accident within the meaning of N.C. Gen. Stat. Sec. 97-2(6).

Plaintiff filed an application, dated 13 May 1982, seeking review by the North Carolina Industrial Commission (hereinafter Commission). The appeal was heard on 15 September 1982. The Commission awarded the plaintiff compensation for his injury in an opinion and award which in pertinent part provided:

. . .

3. The plaintiff normally lifted, moved and lowered truck bodies, insulated and uninsulated, with the help of three other employees in his assembly line crew. A short time prior to February 6, 1980 the plaintiff's crew was reduced from four to three members.

4. On February 6, 1980 the plaintiff injured his lower back while handling an insulated, heavier-than-usual truck body. It was the first truck body of its type that the plaintiff was required to lift to the "set-up hole" with his newly reduced work crew, although he had similarly lifted smaller truck bodies with the help of only two others on occasions in the past. The plaintiff did not know the weight of the particular truck body he was lifting when his injury occurred but it appeared at the time to be about the same as others his crew had handled with four members.

. . .

7. At the time in question, the plaintiff injured his back as a result of an interruption of his normal work routine.

. . .

15. While doing his job on February 6, 1980 plaintiff injured his low back as a result of an interruption of his normal work routine, to wit, a reduction in his assembly line work crew which required him to lift substantially greater weights than he was accustomed to in his job.

16. Plaintiff sustained an injury by accident arising out of and in the course of his employment on February 6, 1980.

The Conclusion of Law in the Opinion and Award of December 31, 1981 is hereby stricken and the following is inserted in lieu thereof:

## CONCLUSION OF LAW

The plaintiff, at the time complained of, sustained an injury by accident arising out of and in the course of his employment and is, therefore, entitled to benefits under the Workers' Compensation Act. G.G. [sic] 97-2(6).

The Award in the Opinion and Award is hereby stricken and the following inserted in lieu thereof:

### AWARD

1. Defendants shall pay the plaintiff compensation at the rate of $148.00 per week for the period from February 13, 1980 until March 28, 1980 and for the period between June 3, 1980 and November 7, 1980 when the plaintiff reached maximum medical improvement, subject to an attorney fee approved herein. Since the plaintiff's compensation has accrued, it shall be paid in a lump sum without commutation.

2. Defendants shall pay the plaintiff compensation at the rate of $148.00 per week for 45 weeks for his permanent partial disability of the back.

3. Defendants shall pay all medical expenses incurred by plaintiff as a result of the injury by accident that gave rise to this claim when such bills are submitted to and approved by the Industrial Commission.

4. An attorney's fee equal to 25 percent of compensation due the plaintiff shall be deducted and paid directly to his attorney.

5. Defendants shall pay the costs.

From the opinion and award of the Commission awarding compensation to the plaintiff, the defendants appealed.

*Wilkinson & Vosburgh, by James R. Vosburgh, for the plaintiff, appellee.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Dan M. Hartzog and Theodore B. Smyth, for the defendants, appellants.*

HEDRICK, Judge.

Based upon eight assignments of error, the defendants contend the Commission erred "in altering the deputy commissioner's findings of fact as to the circumstances surrounding the plaintiff's injury." Defendants argue that the Commission does not have the authority to amend a deputy commissioner's findings

of fact if there is competent evidence in the record to support the deputy commissioner's findings. We disagree. The Commission's authority to review deputy commissioner's awards is granted by N.C. Gen. Stat. Sec. 97-85 which in pertinent part provides:

> If application is made to the Commission . . . the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award. . . .

It is well established that the Commission, upon reviewing an award by the hearing commissioner, is not bound by the findings of fact supported by evidence, but may reconsider evidence and adopt or reject findings and conclusions of the hearing commissioner. *Watkins v. City of Wilmington*, 290 N.C. 276, 225 S.E. 2d 577 (1976); *Lee v. Henderson & Associates*, 284 N.C. 126, 200 S.E. 2d 32 (1973); *Robinson v. J. P. Stevens*, 57 N.C. App. 619, 292 S.E. 2d 144 (1982). Therefore, the defendants' assignments of error have no merit.

We do not consider defendants' second question because it is reached only if the defendants prevail on the first issue.

The opinion and award of the North Carolina Industrial Commission filed 5 October 1982 is affirmed.

Affirmed.

Judges HILL and BECTON concur.