MERLE PHILLIPS v. THE BOLING COMPANY AND RELIANCE INSURANCE COMPANY

No. 8410IC526

(Filed 19 February 1985)

**Master and Servant § 55.1— workers' compensation—back injury—no accident**

Evidence was sufficient to support the Industrial Commission's conclusion that a back injury sustained by plaintiff was not the result of an accident arising out of and in the scope of his employment where the evidence tended to show that plaintiff was working as a supervisor in more than one area and that his job involved lifting; on the date in question, repair of a fan was part of his job description; plaintiff had the assistance of a full maintenance crew and one helper at the time of the incident complained of; plaintiff was not shown to be in an awkward position nor did any unusual event take place at the time; there was nothing unusual about the weight he was lifting; plaintiff felt pain only after he put the fan shaft down and had taken a few steps; and plaintiff had prior back problems which could have been the cause of the difficulty complained of.

APPEAL by plaintiff from the North Carolina Industrial Commission. Opinion and Award by Full Commission filed 15 December 1983. Heard in the Court of Appeals 14 January 1985.

This is a workers' compensation claim in which plaintiff-employee, Merle Phillips, seeks workers' compensation benefits for an injury allegedly suffered on 5 November 1982 in an accident arising out of and in the scope of his employment by defendant, The Boling Company (Boling).

Plaintiff, a thirty-four year old married male, was employed by Boling, a furniture manufacturer, as an electrical supervisor. Plaintiff had been previously employed by Boling as an electrician for a six year period, but plaintiff accepted a position as a boiler inspector with another company for approximately two years, returning to the employment of Boling sometime in 1979.

As an electrical supervisor, plaintiff was responsible for all of the electrical equipment as well as boiler systems, dust systems and air compressors in Boling's three plants.

Approximately one year prior to 5 November 1982, plaintiff injured his back working with heavy sheets of steel in constructing a vender for Boling. Since that incident, plaintiff has contin-

ued to experience back discomfort when performing heavy work assignments and when bending over for a period of time.

On 25 October 1982, plaintiff and other employees of Boling were outside one of Boling's three plants securing a plastic cover over a pile of wood shavings while it was raining. Plaintiff was carrying two tires with which he intended to anchor the plastic cover when he slipped and fell experiencing pain in his lower back. Since that incident, plaintiff has continued to experience some discomfort in his lower back.

Sometime during the morning of 5 November 1982, a large electric fan that was essential to the operation of one of Boling's plants developed trouble due either to bent blades or worn out bearings. It was necessary to repair the fan immediately or close the plant. A decision was made to shut off the fan and attempt to repair it during the lunch hour (12:00 noon to 1:00 p.m.). A number of employees, including plaintiff, were assigned to the repair task.

When the fan was stopped, some of the employees removed it from its housing. Plaintiff then picked up the fan shaft, which contained two bearings and weighed between 45 and 60 pounds, and placed it on the floor with a bending over and swinging movement. Plaintiff then stood up, took a couple of steps and felt severe pain in his lower back.

On 27 April 1983, Deputy Commissioner John Charles Rush, filed an opinion concluding that plaintiff did not sustain an injury by accident arising out of and in the scope of his employment on 5 November 1982. Plaintiff appealed to the full Commission which affirmed and adopted the opinion and award filed by the Deputy Commissioner on 15 December 1983. Plaintiff appeals.

*Van Camp, Gill and Crumpler, by Sally H. Scherer, for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Dan M. Hartzog, for defendant-appellee.*

EAGLES, Judge.

Plaintiff's sole assignment of error on appeal is whether the full Commission erred in finding that the deputy commissioner was justified in concluding that the evidence supported a finding

that the incident in question was not an accident arising out of and in the scope of plaintiff's employment. We find no error.

Plaintiff does not contend that the findings and conclusions of the full Commission as adopted from the opinion and award of the deputy commissioner are not supported by competent evidence in the record so as to make those findings and conclusions erroneous and contrary to law. Plaintiff has not assigned as error any particular finding of fact and has not proposed a suggestion for required additional or different findings of fact. Rule 10(b)(2), Rules of Appellate Procedure. The only exception filed by plaintiff-employee here is to the judgment of the full Commission in "finding that the hearing examiner was justified in concluding that the evidence supported a finding that the incident in question was not an accident." This is a broadside exception and does not present for review the sufficiency of the evidence to support any particular finding of fact. *Mayhew Electric Co. v. Carras*, 29 N.C. App. 105, 223 S.E. 2d 536 (1976); *Hatchell v. Cooper*, 266 N.C. 345, 146 S.E. 2d 62 (1966).

Findings of fact made by the Commission are conclusive on appeal when supported by competent evidence, even though there is evidence to support a contrary finding of fact. *Walston v. Burlington Industries*, 304 N.C. 670, 285 S.E. 2d 822 (1982). Plaintiff's arguments on appeal tend to show that there is evidence in the record which could support findings of fact contrary to those reached by the full Commission. However, absent a showing that the facts and conclusions found by the full Commission are not supported by competent evidence, plaintiff may not prevail on appeal.

The full Commission's opinion and award states, in pertinent part

In the Commission's opinion, Deputy Commissioner Rush made the correct decision, based upon the evidence and the applicable law. Therefore the Commission AFFIRMS and ADOPTS the opinion and award filed in this case on April 27, 1983.

The opinion and award of the deputy commissioner concluded, in pertinent part

The plaintiff did not, at the time complained of, sustain an injury by accident and is, therefore, not entitled to the benefits of the Worker's Compensation Act. G.S. 97-2(6).

This conclusion was based on findings of fact adduced from evidence which tended to show that plaintiff was working as a supervisor in more than one area and that his job involved lifting. On the date in question, the fan repair was part of his job description. Plaintiff had the assistance of a full maintenance crew and one helper at the time of the incident complained of. Plaintiff was not shown to be in an awkward position and no other unusual event took place at that time. There was nothing unusual about the weight he was lifting and according to plaintiff's own testimony, he had lifted heavier objects in the past. Plaintiff felt pain only after he put the fan shaft down and had taken a few steps. In addition, plaintiff had prior back problems which could have been the cause of the difficulty complained of. We note that there is no claim here that the 25 October 1982 incident, in which plaintiff slipped and fell while covering wood shavings, was an accident arising out of and in the scope of his employment.

We hold that there is competent evidence which tends to show that the task of lifting the fan shaft was a part of plaintiff's job duties which supports the opinion and award of the full Commission.

Because there is no exception to any particular finding of fact and since the findings of the Industrial Commission are supported by evidence in the record, we are bound by the findings of fact of the Industrial Commission. They are not subject to review in this appeal. *Blalock v. Roberts Co.,* 12 N.C. App. 499, 183 S.E. 2d 827 (1971). The opinion and award of the full Industrial Commission is therefore

Affirmed.

Judges WEBB and COZORT concur.