Gaddy v. Cranston Print Works Co.

MICHAEL C. GADDY v. CRANSTON PRINT WORKS COMPANY AND THE TRAVELERS INSURANCE COMPANY

No. 8410IC210

(Filed 5 March 1985)

Master and Servant § 55.3— back injury while filling in for absent employee — accidental

> The Full Commission properly concluded that plaintiff was injured by accident where the findings, amply supported by the evidence, were that plaintiff injured his back while filling in for an absent employee whose job involved heavy lifting not required by plaintiff's regular job and while lifting an object which was even heavier than usual. G.S. 97-2(6).

APPEAL by defendants from the opinion and award of the North Carolina Industrial Commission filed 5 December 1983. Heard in the Court of Appeals 14 November 1984.

Plaintiff's claim for workers' compensation was denied by the Deputy Commissioner, who found that he was not injured by accident in the course of his employment. On appeal the Full Commission reversed and awarded plaintiff compensation with one member dissenting. The evidence before the Commission tended to show the following:

Plaintiff was employed by Cranston Mills as a "greytender," but on 12 February 1981 he was filling in for an absent employee in the "jack room." Work in the "jack room" involved taking mantles from a mantle rack, carrying them on a buggy to a machine that printed cloth, and placing them in the machine. A mantle in textile parlance is a metal tube designed to fit in the core of a roller used in printing cloth. The mantles involved weighed up to 250 pounds, and plaintiff's task was to help lift and push each mantle into the roller until the end slipped into the "keyway" of the roller and then place the paper inside the roller and push the mantle the rest of the way inside. According to plaintiff, while placing a mantle in a roller, it struck a burr or rough spot, causing the mantle to suddenly stop as he was lifting and pushing it, and he felt a sharp pain in his back. His co-worker, noticing plaintiff's pain, took the mantle from him and plaintiff immediately reported his injury and was taken to the hospital. Eventually, after a myelogram and other treatment, plaintiff was diagnosed as having a ruptured intervertebral disc and surgery was done on 9 March 1982.

The evidence also tended to show that: Plaintiff had worked for absent "jack room" employees about five times before then and before working there the first time as a substitute received one day's training, whereas employees regularly assigned to the "jack room" were trained for a week or two before beginning their duties. On the occasion involved plaintiff had handled about ten mantles and the mantle plaintiff was handling when he was injured was larger and heavier than the others. The "jack room" operator plaintiff was working with testified that plaintiff's inexperience made his own work more difficult.

The Deputy Commissioner's decision disallowing the claim was based on findings that the mantle involved did not strike a burr as plaintiff contended, but was handled in the usual way, from which it was concluded that no accident within the purview of G.S. 97-2(6) had occurred. The Full Commission's decision that plaintiff was injured by accident within the purview of the Act was based on findings that lifting and handling the mantles which caused him to be injured was not plaintiff's usual work.

*Jackson, Jackson & Bennington, by Frank B. Jackson, for plaintiff appellee.*

*Roberts, Cogburn, McClure & Williams, by Isaac N. Northup, Jr., for defendant appellants.*

PHILLIPS, Judge.

Though defendants' appeal is from a decision of the Full Commission, the theme mostly advanced in their brief is that the findings of fact made by the Deputy Commissioner should have been adopted and confirmed by the Full Commission. But since the Full Commission can reject, modify, or adopt a Deputy Commissioner's findings as they see fit, *Watkins v. City of Wilmington,* 290 N.C. 276, 225 S.E. 2d 577 (1976), our only task is to determine whether the findings of fact that the Full Commission made are erroneous. That other findings could have been made from the evidence presented is irrelevant. *Searcy v. Branson,* 253 N.C. 64, 116 S.E. 2d 175 (1960).

The only exceptions to the decision and award of the Full Commission that appellants have brought forward for our consideration, other than formal exceptions unsupported by either argument or authorities, are to the following findings:

Gaddy v. Cranston Print Works Co.

[P]laintiff's normal work routine was interrupted, introducing "unusual conditions likely to result in unexpected consequences."

Plaintiff's normal work routine was a "graytender" working with machines which print cloth.

His regular job did not entail the heavy lifting required of him in the "jack room," where he suffered his back injury while filling in for an absent employee.

[T]he mantle plaintiff and the "jack room" operator were lifting when the injury occurred was heavier than usual.

Since these findings are amply supported by the evidence previously recited, the exceptions must be and are overruled. *Cole v. Guilford County,* 259 N.C. 724, 131 S.E. 2d 308 (1963).

When one is injured while performing his customary duties in the usual way, it is not an accident under G.S. 97-2(6). *Turner v. Burke Hosiery Mills,* 251 N.C. 325, 111 S.E. 2d 185 (1959). But performing another's regular job and lifting an unusually large and heavy object even for that job, as occurred here, is not the same thing as performing one's own customary duties in the usual way. In *Gladson v. Piedmont Stores,* 57 N.C. App. 579, 292 S.E. 2d 18, *disc. rev. denied,* 306 N.C. 556, 294 S.E. 2d 370 (1982), where an employee lifted a crate heavier than usual, it was held that there was an interruption of plaintiff's regular work routine and she was thus injured by accident arising out of and in the course of her employment. "The elements of an 'accident' are the interruption of the routine of work and the introduction thereby of unusual conditions likely to result in unexpected consequences." (Citations omitted.) *Porter v. Shelby Knit, Inc.,* 46 N.C. App. 22, 26, 264 S.E. 2d 360, 363 (1980).

No error therein having been shown, the decision and award appealed from is therefore affirmed.

Affirmed.

Judges WHICHARD and JOHNSON concur.