Pittman v. Inco, Inc.

---

MARCELLUS LINDBERG PITTMAN, Employee, Plaintiff v. INCO, INC., Employer, and HOME INSURANCE AGENCY, Carrier, Defendants

No. 8510IC267

(Filed 3 December 1985)

1. **Master and Servant § 55.1— workers' compensation—crew not short-handed— work not outside normal routine**

The fact that plaintiff was working with only one other man at a metal shearing machine when he suffered a back injury while lifting a sheet of metal

Pittman v. Inco, Inc.

did not make the work crew "short-handed" and the work outside the normal routine where the evidence showed that only two people were actually assigned to operate the machine, that plaintiff was to assist the other two operators in any way he could, and that he frequently worked with only one of the other men.

**2. Master and Servant § 55.1— workers' compensation—normal work routine—effect of disability certificate**

Plaintiff's back injury while lifting a heavy sheet of metal did not occur as a matter of law outside the normal work routine because plaintiff's employer had been given a disability certificate from plaintiff's doctor stating that he could not lift heavy objects until he regained strength in an injured hand; rather, the disability certificate was only a factor to be considered in determining what plaintiff's normal work routine was.

**3. Master and Servant § 55.1— absence of accident—no discretion to award compensation**

The Industrial Commission did not have discretionary authority to award compensation where it determined that plaintiff's injury was not accidental. N.C.G.S. 97-2(6).

APPEAL by plaintiff from Opinion and Award of the North Carolina Industrial Commission filed 12 September 1984. Heard in the Court of Appeals 16 October 1985.

Plaintiff appeals a decision of the Full Commission that his injury was not accidental and therefore not compensable.

*Lore & McClearen, by R. James Lore, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Martha W. Surles, for defendant-appellees.*

EAGLES, Judge.

Following a hand injury in 1981, plaintiff returned to work in May 1982. He gave defendant employer INCO a "disability certificate" from his treating physician which stated he could do "light work" but "will not be able to lift heavy objects until he gets strength back in [left] hand." Plaintiff initially worked in shipping, doing deliveries and light errands. At some point in May, plaintiff was assigned to work in the machine shop. According to his supervisor, he was to help two men who ordinarily operated a shearer machine, which cut sheets of metal. When sheets had to be cut more than once, the workers picked them up from underneath the machine and put them back up on the bed of the

machine. Using only his good hand, plaintiff helped one or both of the other workers lift the cut sheets. Some sheets weighed as much as 200 pounds, and 20 to 30% weighed between 50 and 100 pounds. (The "disability certificate" was not retracted or modified at any pertinent time.) On 27 July 1982, after two months at his new assignment, plaintiff was assisting one other man in lifting a sheet weighing between 50 and 100 pounds, in the usual manner. He felt an acute onset of pain in his back. Plaintiff thereafter filed this claim for compensation, which Deputy Commissioner Shuping and then the Full Commission denied on the ground that the injury was not accidental within the meaning of the Workers' Compensation Act. G.S. 97-2(6).

I

Review in this court of opinions and awards of the Industrial Commission is limited in scope. If the findings of fact are supported by any competent evidence, even if there is evidence *contra*, they are binding. The conclusions of law will not be disturbed if supported by the findings of fact. *See Robinson v. J. P. Stevens & Co., Inc.*, 57 N.C. App. 619, 292 S.E. 2d 144 (1982); *Porterfield v. RPC Corp.*, 47 N.C. App. 140, 266 S.E. 2d 760 (1980). In addition, failure to specifically except to individual findings of fact generally precludes review of the sufficiency of the evidence to support them. App. R. 18(c)(ix); App. R. 10(b)(2); *Anderson Chevrolet/Olds, Inc. v. Higgins*, 57 N.C. App. 650, 292 S.E. 2d 159 (1982).

The only finding of fact excepted to was that the injury was not accidental "in that, the evidence fails to disclose an interruption of [plaintiff's] normal work routine, which, . . . involved the regular and repetative [sic] lifting, albeit without usage of his left hand, of similarly described pieces of metal . . . in like manner." Plaintiff does not dispute that he lifted metal regularly and repetitively during the two months in question, nor that this regularly was done without using his left hand, nor that the piece of metal in question was similar to others he had lifted. The only real question is whether there was an "interruption" of plaintiff's "normal work routine."

This factual issue controls the issue of whether the injury was accidental within the meaning of G.S. 97-2(6): "In deciding whether there was an accident, the only question on appeal is whether there was 'an unlooked for and untoward event' or 'the

interruption of the routine work and the introduction thereby of unusual conditions' [citations omitted]." *Ross v. Young Supply Co.*, 71 N.C. App. 532, 535, 322 S.E. 2d 648, 651 (1984).

## II

**[1]**  Plaintiff argues that the fact that he was working with only one other man at the time of injury made the work crew "short-handed" and therefore the work was outside the normal routine. *See Davis v. Summitt*, 259 N.C. 57, 129 S.E. 2d 588 (1963) (per curiam) (evidence that injury occurred while doing work normally assigned to two workers supported finding of accident); *Godley v. Hackney & Sons*, 65 N.C. App. 155, 308 S.E. 2d 492 (1983) (reduction in work crew from four to three "short time prior to" injury allowed finding of accident). The unexcepted to relevant finding of fact is that plaintiff ". . . was responsible for assisting, one or both of the others assigned to the same machine. . . ." The sufficiency of the evidence to support this finding is not before us. App. R. 10(b)(2). The evidence supports the finding in any event: it consistently showed that only two people were actually assigned to operate the machine, that plaintiff was to assist the other two operators in any way he could, and that he frequently worked with only one of the other men. There was no evidence that this job required three people or that the third person was absent in dereliction of his working assignment at the time of injury. The finding thus supported disposes of plaintiff's contention that the crew was short-handed at the time of the injury. Plaintiff relies on *Davis* and *Godley* but we note that those decisions do not *compel* a different result: they stand only for the proposition that this sort of evidence can support a finding that the injury was outside the work routine. Here, the Commission having found otherwise based on sufficient evidence, its finding controls.

## III

**[2]**  Plaintiff also argues that because INCO knew of the disability certificate and nonetheless assigned him duties which involved lifting heavy objects, the injury occurred as a matter of law outside the normal work routine. Plaintiff argues that the employer should not be excused from liability for such dangerous conduct merely because the employee managed to survive two months of heavy lifting without suffering injury. This appears to be a novel question. We find nothing in the Workers' Compensation Act or

in the Occupational Safety and Health Act, G.S. 95-126 *et seq.*, or the regulations promulgated thereunder which addresses this problem.

We conclude that while the disability certificate was a factor to be considered in determining what plaintiff's "normal work routine" was, it was not dispositive. We have found no statute or administrative rule requiring disability certificates or specifying their legal effect. The certificate here was open-ended, in effect until plaintiff "gets strength back," with no provision for determining when that might occur. It did not prohibit all lifting. The disability certificate here was on stationery of plaintiff's physician and on its face showed no indicia of agreement or acceptance by the employer. While it appears INCO complied with the restrictions to some extent, much was left by the certificate to both plaintiff's and INCO's discretion. In short, the certificate did not establish plaintiff's working relationship with INCO as a matter of law.

Here the Commission considered plaintiff's partially disabled condition, but also had before it substantial evidence that plaintiff had been assigned duties which appeared within his capabilities and which he was able to successfully perform over a period of two months until this unexpected injury. The Commission's finding and conclusion that this work had become routine are thus supported by the evidence.

## IV

We are aware that in other back injury cases we have affirmed awards based on less than overwhelming evidence of departure from normal work routine. *See Gladson v. Piedmont Stores,* 57 N.C. App. 579, 292 S.E. 2d 18 (crate "heavier than usual"), *disc. rev. denied,* 306 N.C. 556, 294 S.E. 2d 370 (1982); *Gaddy v. Cranston Print Works Co.,* 73 N.C. App. 313, 326 S.E. 2d 331 (1985) (plaintiff substituted for other employees five times previously); *Godley v. Hackney & Sons, supra* (reduction in work force from four to three short time prior to injury). However, in none of those cases have we held that the evidence *compelled* a conclusion that the injury resulted from the departure, and we have affirmed the Commission when it has reached the opposite result. *See Phillips v. The Boling Co.,* 73 N.C. App. 139, 326 S.E. 2d 76 (1985) (infrequent repair work involved heavy lifting, but

part of job description). Here, we have found no error by the Commission in its fact finding function.

Our decision in *Sanderson v. Northeast Const. Co.*, 77 N.C. App. 117, 334 S.E. 2d 392 (1985) rested on the *total absence* of evidence that plaintiff was performing his routine duties at the time of injury. Sanderson, a carpenter, was injured moving tile, a work assignment which all the evidence showed to be a one-time or very infrequent occurrence. Here, plaintiff was injured doing work he had done regularly for two months at a time when he had no other regular duties and no apparent schedule for changing duties. We conclude that *Sanderson* does not control.

V

[3] Plaintiff argues that the Commission acted under misapprehension of law in adopting the Deputy Commissioner's conclusion that his claim "must be denied." Following proper finding of facts and conclusion of law that plaintiff's injury was not accidental, no other conclusion was possible. G.S. 97-2(6). The Commission does not have discretionary authority to award compensation where the statutory prerequisites are not met; its ruling that the claim "must be denied" was therefore legally correct. The Full Commission exercises plenary power in reviewing the decision of the Deputy Commissioner. G.S. 97-85; *Pollard v. Krispy Waffle #1*, 63 N.C. App. 354, 304 S.E. 2d 762 (1983). Its ruling here, that it could "find no reversible error," while unusual, does not appear to be erroneous in light of the Commission's decision, which was within its power, to adopt as its own the findings and conclusions of the Deputy Commissioner. *See Phillips v. The Boling Co., supra* (approving similar award).

Plaintiff has failed to demonstrate any prejudicial error in the finding of facts, and the Commission's conclusions are supported by its findings. The award is accordingly

Affirmed.

Judges WHICHARD and COZORT concur.