THE CITY OF KINGS MOUNTAIN, A MUNICIPAL CORPORATION, PE-TITIONER v. BUFORD D. CLINE AND W. K. MAUNEY, JR., TRAD-ING AS THE DOUBLE B. RANCH, A PARTNERSHIP, AND PATRICIA C. GOLD AND HUSBAND, HARRY G. GOLD, EDWIN H. CLINE AND WIFE, JEAN R. CLINE, C. R. GOLD AND WIFE, OCIE GOLD, JOSEPH C. WHISNANT, TRUSTEE, FIRST-CITIZENS BANK AND TRUST COMPANY OF KINGS MOUNTAIN, N. C., AND COUNTY OF CLEVELAND, DEFENDANTS

No. 88

(Filed 10 May 1972)

1. **Appeal and Error §§ 26, 28— broadside exception to findings and conclusions — questions presented**

Appellants' broadside exception to "each and every" finding of fact and conclusion of law and to the judgment does not bring up for review the sufficiency of the evidence to support any particular finding of fact, but presents only the questions (1) whether the facts found support the judgment and (2) whether error of law appears on the face of the record proper.

2. **Appeal and Error § 24— necessity for exceptions**

An assignment of error will not present a question unless it is based upon an exception set out in the case on appeal and numbered as required by Rule 21.

3. **Eminent Domain § 7— municipality's right to condemn— stipulation that municipality "will acquire title"**

Defendants are estopped to contest a municipality's right to con-demn their property for a water reservoir project where it was stipu-lated that the municipality "will acquire title" to the lands upon posting the amount set forth in the petition and that defendants might withdraw the money from the clerk's office without prejudice to the right of either side to contest the amount of damages.

APPEAL by defendants from *Blount, J.,* February 1971 Ses-sion of Cleveland; transferred from the Court of Appeals for initial appellate review by the Supreme Court under its general order of 31 July 1970 entered pursuant to G.S. 7A-31 (b) (4) ; docketed and argued as Case No. 158 at the Fall Term 1971.

In this special proceeding, instituted 5 November 1969 under G.S. 160-204, G.S. 160-205, and G.S. 40-11 *et seq.*, the City of Kings Mountain (City) seeks to condemn 247.57 acres of land belonging to defendants. City alleged that the land described in the petition is a necessary part of a municipal reservoir in its Buffalo Creek water project; that defendants refused City's offer of $44,562.60 for the property; that although City has negotiated in good faith the parties have been unable to agree upon the value of the property.

Defendants denied that City has made a bona fide effort to purchase the land. They alleged, *inter alia*, that the size of the proposed reservoir far exceeds City's foreseeable needs; that although the maximum water level of the proposed lake will be 736 feet above sea level (shown on the project map as contour 736), City also seeks to condemn the perimeter between contour 736 and contour 744; that City requires only a floodage-easement over this area and has no right or need to acquire the fee simple title; that defendants are willing to grant City the necessary easement, but it seeks arbitrarily to take this portion of defendants' land. (The width of the area between contours 736 and 744, a vertical differentiation of 8 feet, is not disclosed.)

In an amended answer, filed 31 July 1970, defendants allege that City's appraisers valued their land on the erroneous assumption defendants' remaining property could be developed and sold as waterfront lots; that City has established a policy which prevents any recreational use of the proposed reservoir and is attempting to condemn land of the defendants lying above the normal water level of the lake without providing them any access from their remaining lands to the waters of the lake; that this policy will prevent defendants from developing and selling lake-front lots and, in consequence, the price at which City has attempted to buy defendants' land was not a good-faith offer; that defendants have never refused to sell City the land it desired; and that this condemnation proceeding should be dismissed because of City's failure to negotiate in good faith before instituting it.

As required by G.S. 40-16, on 11 August 1970, the Clerk of the Superior Court heard "the proofs and allegations of the parties."

Evidence for City tended to show: On 14 March 1967 City employed W. K. Dickson and Company (Dickson), an engineering firm specializing in water projects, to prepare plans and specifications for an adequate water supply system for the municipality. This plan is shown on the topographical map of the Buffalo Creek water project, introduced as petitioner's Exhibit 4. The lands required for the project were shown on the map as lying within a heavy green line at contour 744.

City's Board of Commissioners (Board) approved the plan on 11 July 1967 and instructed Dickson to proceed with the project. The Board found that the project would compel City to acquire all the lands within the green line.

Engineers R. D. Johnson and W. K. Dickson, upon whose advice City acted, testified that, in their opinion, the land shown within the green line on Exhibit 4 is the minimum acreage required for the lake site and for its adequate protection as a sanitary reservoir. The buffer zone between contour 736 and contour 744 is "really a minimum amount" to control flooding, erosion, mosquitos, and pollution.

In planning the project the engineers designed the lake for optimum benefits, including recreation. The State Board of Health gave tentative, preliminary approval to a plan "to have recreation on the lake." Thereafter, however, the Board adopted a resolution that there would be no recreation on the proposed lake.

City had defendants' property appraised and, after considerable discussion, the Board decided that defendants' land had a value of $44,562.60. Early in 1969 it instructed Coates Field Service to attempt to buy it for that amount. Defendants refused the offer.

Subsequent negotiations between the parties failed because City insisted on purchasing the fee in the area between contours 736 and 744, and defendants offered only an easement. On 28 August 1969, pursuant to a resolution adopted by the Board on 18 August 1969, City's attorney made defendants "a firm offer" of $44,562.60, and advised them that unless the offer was accepted within ten days it would be deemed refused. When defendants did not reply, on 18 September 1969 the Board ordered condemnation.

At the hearing the Clerk permitted defendants to offer their evidence before City presented its case. Defendants examined two of City's appraisers, the chief of the planning review section of the State Board of Health, James Stamey, and the five persons who, in addition to the mayor, composed City's Board of Commissioners on 18 August 1969.

The testimony of the appraisers is not pertinent to decision here. Stamey's testimony indicated that he, along with Mayor Moss, Dickson's president, W. K. Dickson, and Gardner Gidley, a private recreational consultant, attended a meeting on 2 February 1968 to discuss the Buffalo Creek water project. Gidley presented a plan which called for extensive recreational development in the watershed. The maps used in this conference did not indicate whether City proposed to acquire land above the 736 contour. Shortly thereafter, a letter from the Board of Health advised Moss that the proposed recreational development was tentatively approved. The letter proposed that City "will own a 10 foot horizontal (or 4 foot vertical) strip of land around the entire reservoir." However, the project's final plans, approved by the Board of Health on 5 November 1968, contemplated no recreational development at all.

Each commissioner testified, in substance, that he had voted to acquire the lands shown on the map on the basis of the engineers' recommendation; that in approving the project he voted for a lake to supply the town with water and for no other purpose; and that he had voted to prohibit its use as a recreational facility.

On 13 August 1970 the Clerk of the Superior Court rendered his judgment in which he found: (1) City, which has the power of eminent domain, had properly instituted this proceeding. (2) Defendants' land, described in the petition, is reasonably necessary for the construction of City's Buffalo Creek water project. (3) City, without success, negotiated in good faith for the purchase of defendants' property prior to the institution of condemnation proceedings. Thereupon he adjudged that three disinterested freeholders of Cleveland County be appointed to hear the evidence and contentions of the parties and determine just compensation for the property taken.

Defendants excepted "to each and every finding of fact" and "each and every conclusion of law" and appealed to the Superior Court.

At the time the appeal entries were made the parties stipulated:

"(1) . . . that both parties would waive the appointment of commissioners and appeal the entire controversy direct to the Superior Court and a jury trial on the question of damages;

"(2) The petitioner will acquire title to the lands upon the posting of the amount set forth in the petition and that the respondents may draw such money from the clerk's office without prejudice to either side, this being done in order to save interest running on the deposit; that in the event the final determination of value is a lower figure than the deposit, the petitioner may have a judgment against the respondents for the difference in such value, and in the event the final determination of damages is a greater amount than the deposit, then the respondents may have judgment against the petitioner for such greater amount, plus interest from the date of the taking to the day of such payment;

"(3) The respondents except to the award of damages under this stipulation and appeal to the Superior Court, demanding a jury trial on the question of damages."

At the same time the parties made the foregoing stipulations City paid defendants the sum of $44,562.60, the amount set forth in the petition.

In the Superior Court, Judge Blount heard the appeal upon a transcript of the hearing before the clerk. On 28 March 1971 he adjudged, *inter alia*, (1) that City, in good faith, had determined defendants' property was reasonably necessary for the successful operation and protection of its Buffalo Creek water project; (2) that it had negotiated in good faith with defendants for the purchase of said lands but was unable to reach any agreement with them; and (3) that all the land in suit was reasonably necessary for the operation and protection of City's water system. He thereupon decreed "that the City of Kings Mountain is entitled to acquire in fee the lands described in the petition for such sum of money to be determined and assessed by a jury."

Defendants excepted "to each and every finding of fact . . . to each and every conclusion of law and to the signing and entry of the foregoing judgment," and appealed.

*Jack H. White and Verne E. Shive for the City of Kings Mountain.*

*Whisnant & Lackey for defendant appellants.*

SHARP, Justice.

**[1, 2]** Appellants except to "each and every" finding of fact and conclusion of law and to the judgment. This broadside exception does not bring up for review the sufficiency of the evidence to support any particular finding of fact. It presents these questions only: (1) Do the facts found support the judgment, and (2) does error of law appear on the face of the record? *Logan v. Sprinkle,* 256 N.C. 41, 123 S.E. 2d 209 (1961); *Long v. Smitherman,* 251 N.C. 682, 111 S.E. 2d 834 (1959); *Cotton Mills v. Local 578,* 251 N.C. 413, 111 S.E. 2d 529 (1959); 1 N. C. Index 2d *Appeal and Error,* §§ 26, 28 (1967). An assignment of error will not present a question unless it is based upon an exception set out in the case on appeal and numbered as required by Rule 21. Exceptions which appear for the first time in the assignments of error will not be considered. *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223 (1955); 1 N.C. Index 2d *Appeal and Error* § 24 (1967). Thus, the questions debated in the brief—whether City negotiated in good faith for the purchase of the land described in the complaint, and whether condemnation of the fee in the land lying between contours 736 and 744 was for a public purpose and necessary for the operation and protection of the Buffalo Creek water project—are not presented for decision.

**[3]** However, our examination of the record reveals that substantial competent evidence supports every finding of the clerk and the judge and that the findings support each judgment. Furthermore, all questions, except the question of just compensation, were rendered moot by the stipulation (quoted verbatim in the statement of facts) that City *will acquire title* to the lands upon posting the amount set forth in the petition and that defendants might withdraw the money from the clerk's office without prejudice to the right of "either side" to contest the amount of damages. This stipulation goes far beyond the right, which G.S. 40-19 gives a municipality upon the payment into court of the sum appraised by commissioners, to "enter, take possession of, and hold" lands notwithstanding the pendency of an appeal,

until final judgment has been rendered. *See Topping v. Board of Education,* 249 N.C. 291, 106 S.E. 2d 502 (1958). In the face of the stipulation that upon payment of the sum mentioned in the petition ($44,562.60) City would "acquire title," defendants are estopped to contest City's right to condemn.

By this stipulation the parties have, in effect, agreed that City's payment of $44,562.60 should be treated as if it were the amount of damages assessed by commissioners under G.S. 40-17 to -18 and thereafter paid into the office of the Clerk of the Superior Court under G.S. 40-19. From this "award of damages" defendants have appealed to the Superior Court as provided in G.S. 40-19, demanding a jury trial as provided by G.S. 40-20.

All preliminary questions of fact having been resolved, only the amount of damages which defendants have suffered in consequence of City's condemnation of the land described in the complaint remains to be determined. The case is remanded to the Superior Court for the trial of that issue.

The judgment of the court below is

Affirmed.