MAYHEW ELECTRIC COMPANY v. GEORGE CARRAS, D/B/A
CARRAS REALTY COMPANY

No. 7526DC992

(Filed 7 April 1976)

Judgments §§ 25, 29— entry of judgment by default — setting aside on
ground of excusable neglect

In an action to recover the balance due on a contract for labor
and materials furnished by plaintiff where judgment by default was
entered against defendant who had failed to file an answer, evidence
was sufficient to support the trial court's order setting aside the
judgment by default on the ground of excusable neglect, since the de-
fendant was diligent in communicating with his attorneys and pro-
viding them with information necessary to prepare answer, the neglect
of the attorneys to file answer within apt time was both excusable
and was not to be imputed to defendant, and defendant had a meritori-
ous defense to plaintiff's claim.

APPEAL by plaintiff from *Stukes, Judge.* Order entered 9 October 1975 in District Court, MECKLENBURG County. Heard in the Court of Appeals 18 March 1975.

On 12 December 1974 plaintiff filed complaint seeking re-covery of $3,884.03 as balance due on a contract under which plaintiff performed labor and furnished materials for installa-tion of electrical wiring and devices in a building owned by defendant. Summons and complaint were served on defendant on 17 December 1974. No answer having been filed, on 24 Jan-uary 1975 entry of default and judgment by default were en-tered against defendant.

On 31 January 1975 defendant filed a motion pursuant to G.S. 1A-1, Rule 60(b) to set aside the judgment by default on the grounds of excusable neglect. With this motion defendant filed answer to the complaint in which he denied material alle-gations in the complaint and alleged that plaintiff had con-

tracted for performance of the electrical work with a tenant in a building owned by a corporation in which defendant is a shareholder, director, and officer. In support of his motion defendant filed affidavits of two attorneys who were members of the law firm which represented defendant. In substance these affidavits state that on 18 December 1974 defendant contacted his attorneys regarding this case and immediately thereafter forwarded to them the summons and complaint with information for filing of answer; on 16 January 1975 one of defendant's attorneys saw the plaintiff's attorney in the Mecklenburg County Courthouse and asked plaintiff's attorney for two or more weeks in which to file answer; plaintiff's attorney advised he would grant an extension and defendant's attorney left the meeting under the impression defendant would be given an extension of at least two weeks; thereafter plaintiff's attorney wrote a letter to defendant's attorney in which he extended the time for filing answer for only one week, through and including 23 January 1975; the attorney who received this letter was in process of becoming disassociated from the law firm and negligently failed to communicate the letter to the remaining members of the firm in apt time for them to file answer within the seven day extension; and during all periods of time alleged the defendant was in constant contact with his attorneys concerning the matter and had several conferences in preparation for filing an answer. In opposition to defendant's motion, plaintiff filed affidavit of his attorney in which this affiant stated that defendant's attorney saw him in the courthouse approximately one day before the 30th day from the date of service on defendant and stated he needed five or seven days within which to file responsive pleadings, that plaintiff's attorney then immediately advised defendant's attorney that he had seven days within which to file responsive pleadings, and that this was confirmed by letter dated 17 January 1975 confirming the one week extension.

After a hearing on defendant's motion for relief from the judgment against him, the Court entered an order making findings of fact, which included the following:

"13. That the defendant was diligent in communicating with his attorneys and providing his attorneys with the necessary information with which to prepare and file and (sic) answer and that any neglect on the part of the defendant was excusable.

14. That the neglect of defendant's attorneys to file an Answer within the specified time is excusable, and is not to be imputed to the defendant.

15. That this action regards a contract for work performed by the plaintiff and that under the pleadings and affidavits of record in this case the defendant has a meritorious defense against the allegations raised in the Complaint with regard to the defendant's individual capacity as defendant."

Based on its findings of fact, the Court concluded as a matter of law that "the neglect, if any, by defendant is excusable" and that "defendant has a meritorious defense to said action." From order of the Court vacating and setting aside the judgment entered against defendant on 24 January 1975, plaintiff appealed.

*Whitfield, McNeely, Norwood and Badger by David R. Badger for plaintiff appellant.*

*Echols, Purser and Adams, P.A. by Thad Adams, III for defendant appellee.*

PARKER, Judge.

In their brief, plaintiff's attorneys contend "that the defendant has produced no competent evidence to form a basis of the findings of facts and conclusions of law concerning his having a meritorious defense or his neglect being excusable." However, the question of the sufficiency of the evidence to support the court's findings is not before us on this appeal. Plaintiff has made but one assignment of error as follows:

"1. The Trial Court erred in granting defendant's Motion for Relief from Final Judgment.

Plaintiff's Exception No. 1 (Rp22)"

The only exception in the record is plaintiff's Exception No. 1 which appears at the end of the order appealed from. "This broadside exception does not bring up for review the sufficiency of the evidence to support any particular finding of fact. It presents these questions only: (1) Do the facts found support the judgment, and (2) does error of law appear on the face of the record." *City of Kings Mountain v. Cline,* 281 N.C. 269, 274, 188 S.E. 2d 284, 287 (1972). This long established rule has been brought forward in the new Rules of Appellate Pro-

cedure adopted by our Supreme Court on 13 June 1975 effective with respect to all appeals in which notice of appeal was given on and after 1 July 1975. Rule 10 (b) (2) contains the following: "A separate exception shall be set out to the making or omission of each finding of fact or conclusion of law which is to be assigned as error."

The facts found do support the order appealed from. "Where a defendant engages an attorney and thereafter diligently confers with the attorney and generally tries to keep informed as to the proceedings, the negligence of the attorney will not be imputed to the defendant." *Jones v. Fuel Co.,* 259 N.C. 206, 209, 130 S.E. 2d 324, 327 (1963). Here, the court expressly found that defendant was diligent in communicating with his attorneys and providing them with information necessary to prepare answer. Furthermore, the court found that the neglect of the attorneys in failing to file answer within apt time was both excusable and was not to be imputed to defendant. These findings, coupled with the Court's finding that defendant has a meritorious defense, fully support the order entered. Error of law does not appear on the face of the record.

Since the order was fully supported by the facts found as noted above, we find it unnecessary to consider and do not pass upon the additional ground upon which the Court rested its order, that by virtue of the communications which had taken place between the attorneys for the parties in this case the defendant had "appeared" in this action within the meaning of G.S. 1A-1, Rule 55 (b) (2) and for that reason defendant should have been served with written notice of the application for the default judgment at least three days prior to the hearing on such application.

The order appealed from is

Affirmed.

Judges BRITT and CLARK concur.