South Carolina Ins. Co. v. Southeastern Painting Co.

therefore, the provision should be upheld. *See Cooperative Assn. v. Jones*, 185 N.C. 265, 117 S.E. 174 (1923).

We conclude that the forecast of the evidence shows that there is no genuine issue as to any material fact herein and that defendant is entitled as a matter of law to retain the $2500 earnest money. Accordingly, we hold that the trial court erred in granting summary judgment for plaintiffs and in denying defendant's motion for summary judgment. We therefore reverse the judgment entered and remand this cause to the trial court for the entry of summary judgment in favor of defendant.

Reversed and remanded.

Judges WHICHARD and PHILLIPS concur.

---

SOUTH CAROLINA INSURANCE COMPANY v. SOUTHEASTERN PAINTING CO., INC., H. ANGELO & COMPANY, INC., THE HANOVER INSURANCE COMPANY, AND INSURANCE COMPANY OF NORTH AMERICA

No. 8510SC111

(Filed 15 October 1985)

1. Appeal and Error § 26— exception to the judgment

An exception to the judgment raises only two questions of law: (1) whether the facts found support the conclusions of law and the judgment, and (2) whether error of law appears on the face of the record.

2. Insurance § 149— general liability insurance—damage to windows during sand-blasting—exclusion from coverage

A subcontractor who sandblasted military barracks buildings had "care, custody or control" of barracks windows within the meaning of a general liability insurance policy provision which excluded coverage for damage to "property in the care, custody or control of the insured" where the subcontractor had a duty under the primary contract and the subcontract to protect windows during sandblasting. Therefore, the insurer was not liable for damage to barracks windows caused by the insured subcontractor's failure adequately to protect the windows during sandblasting operations.

APPEAL by defendant, H. Angelo & Company, Inc., from *Bailey, Judge*. Judgment entered 24 September 1984. Heard in the Court of Appeals 18 September 1985.

This is a declaratory judgment action brought by South Carolina Insurance Company (South Carolina) seeking a declaration of the rights and liabilities of the parties under a liability insurance policy it issued to defendant Southeastern Painting Company (Southeastern). South Carolina alleged that the exclusion section of its policy precluded coverage for damage done to certain barracks windows as the result of Southeastern's alleged failure to adequately protect the windows during sandblasting operations pursuant to a subcontract with defendant H. Angelo and Company, Inc. (Angelo). Southeastern failed to file an answer to the complaint and a default judgment was entered against it on 13 April 1984. Angelo filed an answer and counterclaim against South Carolina requesting reimbursement of the sums it had paid, as general contractor for the damaged barracks windows. Defendant Insurance Company of North America (INA) filed an answer requesting dismissal of the action against it and entry of a judgment declaring South Carolina's duty to provide coverage under its liability insurance policy issued to Southeastern. Defendant Hanover Insurance Company (Hanover) filed an answer, a counterclaim against South Carolina and a cross-claim against all other defendants seeking declaratory relief that coverage for the damage done to the barracks windows was excluded under the exclusion section of its liability insurance policy issued to Southeastern. South Carolina filed an answer to Hanover's counterclaim. INA filed an answer to Hanover's cross-claim seeking declaratory relief that Hanover's policy provided coverage for the damaged windows. Angelo filed an answer to Hanover's cross-claim and voluntarily dismissed its counterclaim against South Carolina.

The essential facts are:

On 9 April 1980 South Carolina issued to Southeastern a comprehensive general liability insurance policy with effective dates from 9 April 1980 to 9 April 1981. On 9 April 1981 Hanover issued to Southeastern a comprehensive general liability insurance policy with effective dates from 9 April 1981 to 9 April 1982. On 30 September 1980 Angelo entered into a contract with the United States government to paint the exteriors of several barracks at Fort Bragg. On 4 December 1980 Angelo entered into a subcontract with Southeastern whereby Southeastern would provide the

materials and labor to prepare, protect, sandblast and clean up the barracks.

While Southeastern was performing the work under its sub-contract, the glass windows in fifteen barracks buildings were damaged. Angelo was required under its contract with the United States government to replace all of the damaged and sandblasted windows. The cost to Angelo in replacing the windows and repairing the damages was $54,473.45.

On 3 December 1982 Angelo filed suit against Southeastern, Hanover, Employers Insurance of Wausau (Wausau) and INA in which it alleged that Southeastern negligently damaged the windows during its sandblasting operations by failing to adequately protect the windows in breach of its subcontract with Angelo. Further, Angelo alleged that defendants Wausau and Hanover provided coverage for the period during which Southeastern was sandblasting the barracks under its subcontract. Southeastern refused to correct the damage and Hanover and Wausau refused to pay Angelo for the sums it expended in replacing the glass windows. Angelo also alleged in its complaint that INA issued a general liability insurance policy to Angelo affording coverage for all operations under its contract with the United States government. Angelo filed a claim for reimbursement with INA who also denied liability to Angelo and refused to reimburse it for the $54,473.45. In this underlying action Angelo seeks damages from Southeastern, Hanover, Wausau and INA.

In the action filed by South Carolina, South Carolina and Hanover sought judicial determination of the extent, if any, of their respective obligations under their policies with Southeastern to cover the damages caused by Southeastern's alleged negligence. South Carolina took a voluntary dismissal as to defendant Wausau. At the hearing to determine the rights and liabilities of the parties as a matter of law under the insurance contracts issued by Hanover and South Carolina, the trial court concluded that neither South Carolina nor Hanover provided any coverage for the damages allegedly caused by Southeastern and that neither South Carolina nor Hanover had any obligation to defend Southeastern or satisfy any judgment rendered against Southeastern.

Defendant Angelo excepted to the signing of the judgment, including the findings of fact and conclusions of law, and appealed. By motion of H. Angelo and Company and order of this court dated 4 October 1985, the appeal as to appellee Hanover was dismissed.

*Richard B. Conely, for plaintiff-appellee.*

*Patterson, Dilthey, Clay, Cranfill, Sumner and Hartzog, by Dan M. Hartzog, for defendant-appellee, The Hanover Insurance Company.*

*McCoy, Weaver, Wiggins, Cleveland and Raper, by L. Stacy Weaver, Jr., for defendant-appellant, H. Angelo & Company, Inc.*

EAGLES, Judge.

[1] Appellant excepts to the signing of the judgment including the findings of fact and conclusions of law. This broadside exception does not present for review the sufficiency of the evidence to support any particular finding of fact. An exception to the judgment raises only two questions of law: (1) whether the facts found support the conclusions of law and the judgment, and (2) whether error of law appears on the face of the record. *City of Kings Mountain v. Cline*, 281 N.C. 269, 188 S.E. 2d 284 (1972); *In re Appeal of Broadcasting Corp.*, 273 N.C. 571, 160 S.E. 2d 728 (1968). Accordingly, the question presented in the brief—whether the trial court erred in its finding of fact that Southeastern had "care, custody or control" of the damaged barracks windows within the exclusions from coverage in the insurance policy with South Carolina—is not presented for decision.

[2] Nevertheless we have carefully examined the record. We conclude that substantial, competent evidence supports every finding of fact, that the findings of fact support each conclusion of law and the judgment and that no error of law appears on the face of the record. More specifically, there is substantial, competent evidence to support the finding that Southeastern had "care, custody or control" of the barracks windows within the meaning of South Carolina's exclusionary clause.

The policy of insurance issued by South Carolina to Southeastern excluded coverage for property damage to: "property in the care, custody or control of the insured or as to which the in-

sured is for any purpose exercising physical control." Article 1 of the subcontract between Angelo and Southeastern provided that the primary contract between the United States government and Angelo formed a part of the subcontract. Therefore, the technical provisions of the primary contract bear on the subcontractor's (Southeastern) responsibilities. The primary contract between Angelo and the United States government provided that:

> T2-05. *CLEANING, PREPARATION, AND RETREATMENT OF SUR-
> FACES:*
>
>      . . . .
>
> c. *Exterior Concrete and Masonry Surfaces.* All exterior con-
> crete and masonry surfaces shall be sandblasted to remove
> all paint and leave a slightly pitted surface to obtain good
> adhesion for the paint. . . . Temporary protective hardboard
> or other approved material shall be used on window openings
> and any other areas where damage due to sandblasting may
> occur.

It is clear from the language of the primary contract and sub-contract that Southeastern as subcontractor had a contractual duty to protect the windows during sandblasting. The contracts' provisions demonstrate that the barracks windows were left in Southeastern's care or custody in the performance of the subcontract. Under the provision of South Carolina's exclusions either care, custody or control, or the exercise of physical control exclude coverage under the policy.

For the reasons herein stated the judgment of the trial court is affirmed.

Affirmed.

Judges JOHNSON and PARKER concur.