ALPHONSO R. VICK v. MARIAN LEE VICK

No. 8518DC1050

(Filed 20 May 1986)

**1. Reference § 3.1— equitable distribution proceeding—refusal to order reference**

The trial court did not abuse its discretion in denying defendant's motion for a compulsory reference in an equitable distribution proceeding. N.C.G.S. 1A-1, Rule 53.

**2. Rules of Civil Procedure § 58— judgment entered in open court—later signing of written judgment**

Where judgment was "entered" in open court on 19 April 1985, the trial judge properly exercised his authority pursuant to N.C.G.S. 1A-1, Rule 58 when he approved the written judgment and signed it on 27 June 1985.

APPEAL by defendant from *Lowe, Judge.* Judgment entered 19 April 1985 in District Court, GUILFORD County. Heard in the Court of Appeals 5 May 1986.

This is a civil action instituted by plaintiff seeking an absolute divorce and equitable distribution of marital property. Defendant filed an answer wherein she also sought equitable distribution of marital property. On 29 July 1982, plaintiff was granted an absolute divorce from defendant.

On 15 April 1985, the court proceeded to the hearing on the claims for equitable distribution. On 19 April 1985, at the conclusion of the hearing, the trial judge entered judgment in open court, ordering that plaintiff receive the parties' lot in Winston-Salem, that defendant receive their residence in Greensboro, its furnishings and their two burial plots, that each of them retain the automobiles and cash in their possession and their insurance policies, that defendant receive credit for $7,800 for marital property liabilities, and that defendant pay plaintiff a distributive award of $49,400.00. Defendant gave notice of appeal in open court. On 27 June 1985, the trial judge signed a written judgment,

making findings of fact and conclusions of law and ordering the equitable distribution of the marital property as ordered in his judgment rendered in open court.

*Tuggle Duggins Meschan & Elrod, P.A., by David F. Meschan, for plaintiff, appellee.*

*Alexander Ralston, Pell & Speckhard, by Elreta M. Alexander Ralston, for defendant, appellant.*

HEDRICK, Chief Judge.

Rule 28(a) of the North Carolina Rules of Appellate Procedure provides, in pertinent part, as follows:

> The function of all briefs required or permitted by these rules is to define clearly the questions presented to the reviewing court and to present the arguments and authorities upon which the parties rely in support of their respective positions thereon. Review is limited to questions so presented in the several briefs.

Section (b) of Rule 28 further provides that the appellant's brief shall contain a concise statement of the procedural history of the case, a non-argumentative summary of all material facts and an argument, with each question separately stated and immediately followed by a reference to the assignments of error and exceptions pertinent to the question, identified by their numbers and by the pages at which they appear in the record on appeal or the transcript. The brief filed by defendant in this case is in gross violation of these rules. The purpose described in Rule 28(a) is not served by the manner in which this brief has been prepared and filed. We have chosen, however, to rule on the merits of this case as best we can.

Defendant's first assignment of error is set out in the record as follows:

> 1. The denial of Defendant's Motions to Dismiss for lack of jurisdiction over the subject matter and failure to state a claim for that the same is unconstitutional as it applies to this case in which the parties married and separated prior to the enactment of N.C.G.S. Sec. 50-20; and where there was a clear intent on the part of the parties prior to the statute

that all properties which were individually titled and vested
should remain separate property; and where the parties in-
tended to be free traders and had no "economic partnership"
as envisioned by the statute.

This assignment of error purports to be based on an exception to
the denial of defendant's motions to dismiss pursuant to Rule
12(b)(1) and 12(b)(6). Rule 12(b)(1) raises the question of whether
the district court has jurisdiction over the subject matter. It is
clear that the district court has subject matter jurisdiction over
claims for equitable distribution of property. G.S. 7A-244. Defend-
ant's Rule 12(b)(6) motion challenges the sufficiency of the com-
plaint to state a claim upon which relief can be granted. Plaintiff
has clearly stated a claim for equitable distribution. This assign-
ment of error borders on the frivolous and is without merit.

[1]  Defendant next contends that the trial court erred in deny-
ing her motion for a compulsory reference. A reference may be in-
appropriate in an equitable distribution proceeding, because G.S.
50-20(a) provides that the trial judge "shall determine what is the
marital property and shall provide for an equitable distribution of
the marital property between the parties. . . ." Assuming *arguen-
do* that the trial judge could order a compulsory reference in an
equitable distribution proceeding, G.S. 1A-1, Rule 53 provides that
"the court may . . . order a reference" in certain cases. The
ordering or refusal to order a compulsory reference is a matter
within the discretion of the trial judge. *See Veazey v. Durham*,
231 N.C. 354, 57 S.E. 2d 375 (1950). It is well established that
where matters are left to the discretion of the trial court, ap-
pellate review is limited to a determination of whether there was
a clear abuse of discretion. *Clark v. Clark*, 301 N.C. 123, 271 S.E.
2d 58 (1980). Defendant has failed to show that the trial court
abused its discretion in denying her motion for a compulsory ref-
erence.

Defendant has in her brief a section captioned as "III. The
court denied defendant a fair and impartial trial as required by
due process of law." Under this section, defendant refers to
Assignments of Error Nos. 9, 11, 12, 14, 15, 16, 19, 20 and 22.
These assignments of error purport to be based on Exceptions
Nos. 7, 9-32, 34, 35, 37 and 39-45. It is needless for us to again list
the rules of appellate procedure violated by defendant in this sec-

tion of her brief. Nevertheless, we have carefully examined all of the assignments of error and the exceptions under this portion of defendant's brief and find no error. Defendant's principal argument is that the trial judge denied her a fair trial by making statements and asking questions. We note that this was a trial by a judge without a jury. The judge is permitted to ask questions in such a trial to clarify the testimony of witnesses. In the trial in the present case, the record discloses that the trial judge's questions were necessary because counsel for defendant continued to confuse the issues before the court by making inquiries of the witnesses as to irrelevant and immaterial matters. The trial judge did not err in asking such questions.

Assignment of Error No. 13 is set out in the record as follows: "The admission over objection of plaintiff's opinion as to the fair rental value of the dwelling between 1979 and 1984, for that the same is irrelevant and immaterial." Under the circumstances of this case, we cannot conceive that defendant was prejudiced by the admission of such evidence. This assignment of error is frivolous.

[2] Defendant contends that the trial court entered judgment in open court and therefore had no authority to sign the written judgment on 27 June 1985. This contention is without merit. G.S. 1A-1, Rule 58, in pertinent part, provides:

> In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing.

The record before us discloses that the judgment dividing the marital property between the parties and ordering defendant to pay plaintiff the sum of $49,400 as a distributive award was "entered" in open court on 19 April 1985. Judge Lowe signed the written judgment on 27 June 1985, and the written judgment was filed on 28 June 1985. We hold that Judge Lowe properly exercised his authority pursuant to G.S. 1A-1, Rule 58 when he approved the written judgment and signed it. *See Condie v. Condie*, 51 N.C. App. 522, 277 S.E. 2d 122 (1981).

Defendant argues that the trial court erred in making findings of fact in the judgment that are not supported by the evidence. This argument purports to be based on Exceptions Nos. 47 and 48 in the record. Defendant excepted to the entry of the judgment in open court by Exception No. 47 and to the signing of the written judgment by Exception No. 48. Defendant did not except to each finding of fact or conclusion of law which is assigned as error, as required by Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure. When no exceptions are made to the findings of fact, they are presumed to be supported by competent evidence and are binding on appeal. *Anderson Chevrolet/Olds v. Higgins*, 57 N.C. App. 650, 292 S.E. 2d 159 (1982). Thus, the only questions raised by these assignments of error are whether the facts support the judgment and whether error of law appears on the face of the record. *Electric Co. v. Carras*, 29 N.C. App. 105, 223 S.E. 2d 536 (1976). We have reviewed the judgment in the present case and hold that the facts found support the judgment and that error of law does not appear on the face of the record.

For the foregoing reasons, the judgment of the trial court is affirmed. Plaintiff's cross-assignments of error, therefore, present no question for review.

Affirmed.

Judges EAGLES and COZORT concur.