LETITIA A. ROGERS, PLAINTIFF V. DAVID E. COLPITTS, DEFENDANT

No. COA97-900

(Filed 5 May 1998)

**Appeal and Error § 341 (NCI4th)— assignment of error— insufficient—appeal dismissed**

An appeal was dismissed where the sole assignment of error was "[Defendant] assigns as error the following: (1) The Court's Order' No. 8(a). Record, page 46." That assignment of error failed to state the legal basis on which error was assigned and was insufficient under N.C.R. App. P. 10.

Appeal by Defendant from order and judgment filed 17 March 1997 by Judge Charles T.L. Anderson in Orange County District Court. Heard in the Court of Appeals 1 April 1998.

*Epting & Hackney, by Joe Hackney, for plaintiff appellee.*

*John G. McCormick, for defendant appellant.*

GREENE, Judge.

David E. Colpitts (Defendant) appeals from the trial court's 17 March 1997 order and judgment ordering specific performance of portions of the parties' separation agreement.

**ROGERS v. COLPITTS**

[129 N.C. App. 421 (1998)]

In the record on appeal, Defendant's sole assignment of error states: "[Defendant] assigns as error the following: 1. The Court's 'Order' No. 8(a). Record, page 46."

The dispositive issue is whether Defendant has abandoned his appeal by failing to specify the legal basis on which he assigns error.

The scope of review on appeal "is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10." N.C.R. App. P. 10(a). Rule 10 requires that "[e]ach assignment of error shall . . . state plainly, concisely and without argumentation the legal basis upon which error is assigned." N.C.R. App. P. 10(c)(1). One purpose of Rule 10 is to "identify for the appellee's benefit all the errors possibly to be urged on appeal . . . so that the appellee may properly assess the sufficiency of the proposed record on appeal to protect his position." *Kimmel v. Brett*, 92 N.C. App. 331, 335, 374 S.E.2d 435, 437 (1988). In addition, Rule 10 allows our appellate courts to "fairly and expeditiously" review the assignments of error without making a "voyage of discovery" through the record in order to determine the legal questions involved. *Id.* The North Carolina Rules of Appellate Procedure contain an appendix listing examples to aid the appellant in properly presenting assignments of error on appeal. Some examples listed therein include:

C. Examples related to civil non-jury trial

Defendant assigns as error:

. . . .

2. The court's Finding of Fact No. 10, *on the ground* that there was insufficient evidence to support it.

Record, p. 25.

3. The court's Conclusion of Law No. 3, *on the ground* that there are findings of fact which support the conclusion that defendant had the last clear chance to avoid the collision alleged.

Record, p. 27.

N.C.R. App. P., app. C, tbl. 4 (emphasis added).

In this case, although Defendant's sole assignment of error states Defendant's dissatisfaction with paragraph 8(a) of the trial court's order, it fails to state the legal basis on which this error is assigned.

ROGERS v. COLPITTS

[129 N.C. App. 421 (1998)]

Defendant's assignment of error is therefore insufficient under Rule 10. Because our scope of review is confined to properly presented assignments of error, Defendant's appeal is dismissed. *See, e.g., Maynor v. Onslow County*, 127 N.C. App. 102, 109, 488 S.E.2d 289, 293, *appeal dismissed*, 347 N.C. 268, 493 S.E.2d 458, *and cert. denied*, 347 N.C. 400, 496 S.E.2d 385 (1997); *Industrial Innovators, Inc. v. Myrick-White, Inc.*, 99 N.C. App. 42, 48, 392 S.E.2d 425, 430, *disc. review denied*, 327 N.C. 483, 397 S.E.2d 219 (1990).

Appeal dismissed.

Judges LEWIS and HORTON concur.