PATSY W. TALLEY, Plaintiff v. DANIEL ALLEN TALLEY, Defendant

No. COA98-924

(Filed 20 April 1999)

**Appeal and Error— assignments of error—argument—inade-
    quate—appeal dismissed**

    An appeal was dismissed where one assignment of error
    failed to state the legal basis on which error was assigned while
    the other assignment of error was not supported by argument.

Appeal by defendant from order filed 27 February 1998 by Judge Wendy M. Enochs in Guilford County District Court. Heard in the Court of Appeals 30 March 1999.

*Diane Q. Hamrick, and Edward P. Hausle, P.A., by Edward P. Hausle, for plaintiff-appellee.*

*Stephen E. Lawing for defendant-appellant.*

GREENE, Judge.

Daniel A. Talley (Defendant) appeals from the trial court's order commanding him to pay alimony and provide medical coverage for Patsy W. Talley (Plaintiff).

The hearing of Plaintiff's alimony claim commenced on 28 July 1997, and was recessed on 30 July 1997. At that time, the trial court: (1) mentioned Defendant's knowledge of its time availability before the hearing began; (2) noted its own efforts to expedite the hearing; and (3) invited both parties to meet with it to reschedule the conclu-

sion of the hearing. Neither party met with the trial court during the recess of the case.

The case reconvened on 13 October 1997, and Defendant, in open court, moved for a mistrial due to the trial delay. The trial court denied this motion, noting Defendant's failure to request an earlier trial date. The hearing was completed on 15 October 1997, and the trial court entered its alimony order on 27 February 1998.

The record on appeal contains forty-three different assignments of error. Defendant's brief to this Court presents two "Questions": (1) "DID THE COURT COMMIT PREJUDICIAL ERROR IN SIGNING AND ENTERING JUDGMENT AWARDING TO PLAINTIFF ALIMONY, MEDICAL COVERAGE AND ATTORNEYS FEES?"; and (2) "DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR BY DENYING DEFENDANT'S MOTION OF MISTRIAL, THEREBY DENYING DEFENDANT DUE PROCESS?"

Question number one is followed by reference to assignment of error number thirty-eight, which reads, "The signing and entry of judgment awarding to Plaintiff alimony, medical coverage, and reserving the issue of attorney fees."

Question number two is followed by reference to assignment of error number forty-one, which reads, "The denial of Defendant's motion for mistrial on the grounds of delay of proceeding resulting in denial of due process to Defendant." The full content of Defendant's brief, with regard to Question number two, provides:

> There was a 75 day delay between the initial trial date, July 30, 1997, when this case was recessed, and the recessed date, October 13, 1997.

> In *U.S. v. HALL*, US Court of Appeals, 9th Circuit, No. 95-50609 (1997), where a judge recessed a jury trial for 48 days, it was held that this violated the Due Process Clause of the U.S. Constitution, and the judgment must be reversed regardless of whether the defendant can show that he was prejudiced as a result.

The dispositive issue is whether this appeal must be dismissed for failure to comply with the North Carolina Rules of Appellate Procedure (Rules).

The Rules provide that the scope of appellate review is "confined to a consideration of those assignments of error set out in the record

on appeal in accordance with [Rule 10]." N.C.R. App. P. 10(a). Rule 10 requires that "[e]ach assignment of error shall . . . state plainly, concisely and without argumentation the legal basis upon which error is assigned." N.C.R. App. P. 10(c)(1);[1] *Rogers v. Colpitts*, 129 N.C. App. 421, 499 S.E.2d 789 (1998). The function of the brief, as provided in Rule 28, is to provide an argument setting out the contentions of the parties with respect to each question presented. N.C.R. App. P. 28(b)(5). "Immediately following each question [presented] shall be a reference to the assignments of error pertinent to the question." *Id.* Assignments of error which are not supported by "reason or argument" in the brief "will be taken as abandoned." *Id.* These Rules are mandatory, and their violation subjects an appeal to dismissal. *Wiseman v. Wiseman*, 68 N.C. App. 252, 255, 314 S.E.2d 566, 567-68 (1984).

In this case, assignment of error number thirty-eight fails to state the legal basis, or ground, on which error is assigned. Thus the argument asserted in Defendant's brief in response to Question number one and in support of assignment of error number thirty-eight is outside our scope of review and will not be considered.

Assignment of error number forty-one contains an adequate legal basis to support the error assigned. The statements made in Defendant's brief in response to Question number two and in support of assignment of error number forty-one, however, do not contain any argument.[2] Accordingly, this assignment of error also is abandoned. Defendant's remaining forty-one assignments of error are abandoned because they are neither set out nor referenced in his brief.

Appeal dismissed.

Judges MARTIN and McGEE concur.

---

1. Former Rule 10 required appellate review, "notwithstanding the absence of . . . assignments of error in the record on appeal," of whether the "judgment is supported by the verdict or by the findings of fact and conclusions of law," if those issues were presented in the appellant's brief. N.C.R. App. P. 10(a) (1984); *see Electric Co. v. Carras*, 29 N.C. App. 105, 107, 223 S.E.2d 536, 538 (1976). The current version of Rule 10, however, is specific in requiring proper assignments of error as a prerequisite to the review of any issue, including whether "the judgment is supported by the verdict or by findings of fact and conclusions of law." N.C.R. App. P. 10(a).

2. Even Defendant's implied argument has no merit because he caused the very error of which he now complains. Defendant cannot build error into a trial and then assert the same error on appeal. *State v. Oliver*, 309 N.C. 326, 334, 307 S.E.2d 304, 311 (1983).