CALABRIA, Judge.
Timothy O. Jackson, Leisa S. Jackson, and Rosewood Investments, L.L.C., (collectively "defendants") appeal from a 16 June 2003 order of the Cumberland County Superior Court requiring them to specifically perform the terms of a settlement agreement with Rudolph Leonard Baxley, Jr., ("plaintiff") and sanctioning them with attorney fees incurred by plaintiff in enforcing the agreement. Defendants, however, have not properly assigned errorto the order from which appeal is taken. The record on appeal includes only one assignment of error:
The Trial Court erred in entering the Order dated June 16, 2003 awarding relief to Plaintiff-Appellee in response to his Motion for Order to Show Cause and Motion in the Cause. (R p 00054).
"Each assignment of error shall, so far as practicable, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned." N.C. R. App. P. 10(c)(1) (emphasis added). Our Rules of Appellate Procedure include an appendix which illustrates the proper way to draft an assignment of error, including the following three examples of assignments of error:
1. The court's admission of the testimony of the witness E.F., on the ground that the testimony was hearsay.
2. The court's denial of the defendant's motion for directed verdict at the conclusion of all the evidence, on the ground that plaintiff's evidence as a matter of law established his contributory negligence.
3. The court's instructions to the jury, R., pp. 50-51, as bracketed, explaining the doctrine of last clear chance, on the ground that the doctrine was not correctly explained.
N.C. R. App. P. appx. C, tbl. 4, pt. B (emphasis added).
"[T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with . . . Rule 10." N.C. R. App. P. 10(a). "Our courts have been clear to articulate that absent a specific legal basis, an assignment of error is deemed abandoned. The legal basis need not be particularly polished; it need only put the appellee and this Court on notice of the legal issues that willbe contested on appeal." Collins v. St. George Physical Therapy, 141 N.C. App. 82, 89, 539 S.E.2d 356, 361-62 (2000) (citations omitted). See, e.g., Clark v. Sanger Clinic, P.A., 142 N.C. App. 350, 359, 542 S.E.2d 668, 674 (2001) (citing N.C. R. App. P. 10(c)(1) and concluding that because appellant's "assignment of error . . . fails to include any reference to the [relevant statutory authority][,] . . . [appellant's] argument is not properly before us[,] and [we] decline to address its merits"); Bustle v. Rice, 116 N.C. App. 658, 659, 449 S.E.2d 10, 10-11 (1994) (dismissing appellants' appeal because, inter alia, their "assignments of error violate . . . N.C.R. App. P. Rule 10(c)(1) [in that] . . . they are not stated `without argumentation'; they do not specify the `legal basis upon which error is assigned'; and they do not `direct the attention of the appellate court to the particular error about which the question is made, with clear and specific transcript references'").
In the instant case, appellant's assignment of error states no legal grounds and is bereft of any indication regarding whether the trial court's purported error was a violation of statute, of common law, or was an abuse of discretion. "[A]lthough [defendants'] sole assignment of error states [defendants'] dissatisfaction with . . . the trial court's order, [without a statement of] the legal basis on which this error is assigned[,] [defendants'] assignment of error is . . . insufficient under Rule 10. Because our scope of review is confined to properly presented assignments of error,[defendants'] appeal is dismissed." Rogers v. Colpitts, 129 N.C. App. 421, 422-23, 499 S.E.2d 789, 790 (1998).
Appeal dismissed.
Judges WYNN and LEVINSON concur.
Report per Rule 30(e).