LEVINSON, Judge.
Defendant Wayne Walker appeals from a judgment ordering specific performance of the separation agreement executed by defendant and plaintiff Terrilynne Walker, and of an amendment to the agreement. We dismiss the appeal.
The parties were married in 1965, and separated in early 2000. Shortly before separating, *912 they started two businesses-Capital Transaction Group, Inc. (CapTran), and Carolina Self Storage, Corp. (CSS). Defendant's brother, Gary Walker, provided funding for both projects. On 28 February 2000 plaintiff and defendant executed a separation agreement addressing child custody and support, alimony, and division of marital property. On 25 September 2000 the parties signed an Amendment to the separation agreement; plaintiff sold her CapTran stock to Gary Walker, and relinquished her voting rights in defendant's CSS stock.
On 29 January 2001 plaintiff filed suit against defendant for breach of the separation agreement. Plaintiff alleged that the separation agreement required defendant to pay plaintiff one half of the $500,000 he had received in an arbitration proceeding, and that he was refusing to pay her. Defendant filed an answer and counterclaim on 26 March 2001. He denied plaintiff's entitlement to specific performance of the separation agreement, and asserted that the amendment was void ab initio, on the grounds that it was improperly executed. In his counterclaim, defendant sought, inter alia, to have the court (1) dismiss plaintiff's complaint; (2) set aside the separation agreement and amendment, on grounds of coercion and duress; and (3) declare the amendment void based on its improper execution. In her reply, plaintiff denied the allegations of the counterclaim, and asserted that defendant was estopped from arguing that the amendment was invalid. Plaintiff asked the court to dismiss defendant's counterclaim, and to enforce both the separation agreement and amendment.
In March 2002, defendant filed a motion for partial summary judgment. In June 2002 the trial court granted summary judgment for defendant on the issue of the amendment's improper execution, but denied summary judgment on the issue of estoppel. Defendant filed another summary judgment motion in July 2002, which was denied in November 2002. In July 2001 plaintiff amended her complaint to add two defendants, Gary Walker and CapTran. Before trial, plaintiff dismissed her claim against CapTran. On 12 July 2002 defendant filed a notice of voluntary dismissal of the part of his counterclaim seeking to have the separation agreement set aside; he did not dismiss his counterclaim to have the amendment set aside. On 14 August 2002 plaintiff dismissed her original complaint against defendant.
Following an October 2003 bench trial on defendant's counterclaim, the trial court on 13 July 2004 entered judgment in favor of plaintiff. The judgment ordered defendant to specifically perform and comply with the terms of the separation agreement and of the amendment. Defendant timely appealed from this order and from the orders denying his pretrial motions for summary judgment. The court also dismissed plaintiff's claims against defendant Gary Walker, who is not a party to this appeal.
Defendant argues on appeal that the trial court erred by (1) ordering specific performance of the separation agreement and the amendment, in the absence of a pending claim for breach of contract; (2) ruling that defendant was equitably estopped from challenging the validity of the amendment; and (3) denying his pretrial motions for summary judgment. We conclude that defendant failed to preserve these issues for appellate review.
Under N.C.R.App. P. 10:
(a) . . . [T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10. . . .
(c) (1) . . . Each assignment of error shall, so far as practicable, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned.
N.C.R.App. P. 10(a) and (c)(1) (emphasis added).
Defendant herein set out 119 assignments of error, purporting to assign error to almost every finding of fact and conclusion of law made by the trial court. His assignments of error follow a repetitive pattern; for example, all the assignments of error directed at findings of fact assign error to:
*913 The Trial Court's Finding of Fact [No. "X"], on the grounds that it is not supported by the evidence.
The Trial Court's Finding of Fact [No. "X"], on the grounds that it is erroneous as a matter of law.
The Trial Court's Finding of Fact [No. "X"], on the grounds that it is an abuse of discretion.
The assignments of error to the trial court's conclusions of law use the same phrasing, adding only that the specific conclusion of law is not supported by the Findings of Fact. Likewise, the assignments of error to decretal paragraphs of the order are the same as his challenges to the conclusions of law, adding only that the specific decretal paragraph is not supported by the Conclusions of Law.
However, defendant's assignments of error include no reference to the legal issues briefed on appeal. None of defendant's assignments of error mention specific performance, equitable estoppel, the presence of genuine issues of material fact, enforcement of separation agreements, or any other specific legal concept, issue, or theory. Instead, defendant's assignments of error make only the broadside "generic" assertions that the trial court's findings and conclusions were "erroneous as a matter of law." This essentially amounts to no more than an allegation that "the court erred because its ruling was erroneous." "Such an assignment of error is designed to allow counsel to argue anything and everything they desire in their brief on appeal. `This assignment - like a hoopskirt - covers everything and touches nothing.'" Wetchin v. Ocean Side Corp., 167 N.C.App. 756, 759, 606 S.E.2d 407, 409 (2005) (quoting State v. Kirby, 276 N.C. 123, 131, 171 S.E.2d 416, 422 (1970)). We conclude that defendant's assignments of error fail to "state plainly . . . the legal basis upon which error is assigned." N.C.R.App. P. 10(c)(1).
"[T]he rules of appellate procedure must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule." Viar v. N.C. Dep't of Transp., 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) (citing Bradshaw v. Stansberry, 164 N.C. 356, 79 S.E. 302 (1913)). In the instant case, defendant's failure to properly assign error to the questions briefed on appeal violates Rule 10 of the North Carolina Rules of Appellate Procedure, and subjects his appeal to dismissal. See, e.g., Rogers v. Colpitts, 129 N.C.App. 421, 422-23, 499 S.E.2d 789, 790 (1998) (Defendant's assignment of error "fails to state the legal basis on which. . . error is assigned. Defendant's assignment of error is therefore insufficient under Rule 10. Because our scope of review is confined to properly presented assignments of error, Defendant's appeal is dismissed.").
Because defendant failed to properly preserve for appellate review the issues presented on appeal, his appeal is
Dismissed.
Judges WYNN and CALABRIA concur.